HAMILL, PLAINTIFF IN ERROR, v. HALL ET AL., DEFENDANTS IN ERROR.

**1. PRACTICE.**

A cause having been set and reached, the plaintiff may insist upon a trial in the absence of the defendant, unless the court for good cause legally established otherwise direct.

**2. SAME—INSTRUCTIONS.**

While the civil code provides that " the court shall give such instructions of law to the jury as may be necessary," it is not obligatory upon the court to instruct when no instructions were requested and no questions of law raised making instructions necessary.

**3. STATUTE OF FRAUDS MUST BE PLEADED.**

One relying upon the statute of frauds to defeat his unwritten promise to pay the debt of another, must plead it.

**4. STATUTE OF FRAUDS.**

The statute of frauds does not apply to a case where the defendant, after having received money from the plaintiff's debtor with which to pay the debt, retained it. · Having received and retained the money, the debt became his own.

*Error to the District Court of Clear Creek County.*

DEFENDANTS in error (plaintiffs below) brought suit against plaintiff in error alleging an indebtedness of $1,893.75 " for the balance of a mutual and open account current for (naming the goods) goods sold and delivered by the plaintiffs to the defendant at his request, work done and performed by plaintiffs for the defendant at his request, and for moneys had and received by the defendant for the use of the plaintiffs between Nov. 1, 1882, and Nov. 4, 1891."

Defendant answered, 1st, traversing each allegation of the complaint and denying any indebtedness whatever.

2d. Denying that he was indebted to the plaintiffs in any amount whatever, " save and except about the sum of three hundred dollars, the same being a balance due on a mutual book account current, accruing between the 1st day of Nov., 1882, and the 25th day of Nov., 1891," and as special defenses ·the following: " This defendant, further answering, alleges that after the commencement of this action he demanded of the ·plaintiffs a bill of particulars of the account sued upon; that the plaintiffs furnished said bill of particulars, from which it appears that there is a charge against the defendant of the sum of three hundred and thirty-nine dollars and ninety cents ($339.90) for goods, wares and merchandise alleged to have been sold and delivered by the plaintiffs to the Colorado United Mining Company, a corporation, and that there also appears from said bill of particulars a charge against the defendant of the sum of two hundred and fifty-four dollars and ninety-eight cents ($254.98) for goods, wares and merchandise alleged to have been sold by the plaintiffs to the Georgetown and Middle Park Wagon Road Company; that the defendant is in no wise indebted to the plaintiffs for and on account of the amount claimed to be due on either of said items so charged against him, or any part thereof, and is in no wise responsible for the payment of the same.".

" That it also appears from said bill of particulars so furnished as aforesaid that the defendant is charged with being indebted to the plaintiffs in the sum of eleven hundred thirty-four dollars and eighteen cents ($1,134.18) for and on account of interest alleged to have accrued on the account, said plaintiffs claim to be due and owing them from the defendant; that the defendant is not indebted to the plaintiffs for and on account of said interest charged or any part thereof."

To such special defenses the following replications were filed · " They admit that the item of three hundred and ·

thirty-nine dollars and ninety cents ($339.90) in the said answer mentioned is for goods, wares and merchandise, sold and delivered by the plaintiffs to the said Colorado United Mining Company, but they allege the fact to be that said goods, wares and merchandise were furnished at the special instance and request of the defendant, William A. Hamill, the agent or general manager of said corporation in Colorado, and that afterwards, to wit, on Nov. 1, 1884, at Georgetown, in the county of Clear Creek aforesaid, the said defendant informed the plaintiff, John H. Husted, that in a settlement with the company, the said The Colorado United Mining Company, he had turned in a voucher for the said account and been allowed credit therefor, and that he was personally bound to pay the same to the plaintiffs; that thereupon the plaintiffs charged the said account to his the said Hamill's personal account with them, and that the said Hamill then and there, and at divers other times between the said November 1, 1884, and the commencement of the action, promised the plaintiffs to pay the same."

2d. " They deny that the item of two hundred and fifty-four dollars and ninety-eight cents ($254.98) in the said answer mentioned is alleged in the said bill of particulars to be, or that it in fact is, for goods, wares and merchandise sold by the plaintiffs to the Georgetown & Middle Park Wagon Road Company, and allege the fact to be that the said goods, wares and merchandise were sold and delivered by the plaintiffs to the defendant, William A. Hamill, at his special instance and request, and that at the time of said sale the plaintiffs were informed by the said Hamill that said goods were wanted by him for use on the said Georgetown and Middle Park Wagon Road, of which, as plaintiffs are informed and believe, he is or was the owner or principal owner, and the said Hamill then and there requested the plaintiffs to keep a separate account of said goods, distinct from the general account with the plaintiffs, which they accordingly did."

On the day set for trial of the case defendant failed to appear in person or by attorney.

The following appears in the order of the court: " The court having received by mail a request from defendant and defendant's counsel to continue the trial of this cause to another day, and the said plaintiffs refusing to consent to such continuance, and the court deeming the showing by defendant insufficient, the said defendant is three times solemnly called but comes not, nor does any one appear for him," etc.

A jury was called, the two plaintiffs sworn, testifying to the amount due, the admission of the defendant that he had received from the Colorado United Mining Company the amount in controversy, and had ordered the amount charged to himself in default of paying over the money, that it was done, and that the defendant had frequently promised to pay it. That the goods charged the Middle Park Wagon Road Company were ordered and obtained by the defendant. That the Road Company was not incorporated, and that the defendant was the principal if not the sole owner, etc.

The jury found for the plaintiffs in the sum of $1,959.75, and judgment was entered upon the verdict. Two motions to set aside the verdict were made. *First*, on the ground of accident and surprise, supported by an affidavit of sudden and severe illness of the defendant, preventing attendance on the day of trial.

*Second*, that the amount of judgment was excessive, and " Because the evidence is insufficient to justify the verdict, and the verdict and judgment are against the law." Both motions were overruled.

The assignments of error relied upon may be summarized as follows :

1st. Refusal of the court to continue the case.

2d. Submitting the case to the jury without instructions.

3d. The want of evidence to warrant a verdict.

Mr. A. M. Stephenson and Mr. M. J. Bartley, for plaintiff in error.

Mr. Thomas Mitchell, for defendants in error.

REED, J., delivered the opinion of the court.

In regard to the first supposed error, sec. 176 of the Civil Code is as follows : " When a cause is regularly reached upon the calendar, either party may bring the issue to a trial or to a hearing, and *in the absence of the adverse party*, unless the court for good cause otherwise direct, the party appearing may proceed with his case and take a finding, verdict, or judgment, or dismissal of the action, as the case may require."

The cause having been set and reached for trial the plaintiff could legally insist upon a trial in the absence of the defendant. Neither defendant nor counsel appeared. The only showing was a letter, in no way verified, received by the judge, stating the sudden illness of the defendant, and no showing for the absence of counsel.

The court had power to continue the trial for " good cause," but the " good cause " must be legally established, properly authenticated. It was the duty of the court to decide upon the cause shown, as to its sufficiency, and also whether it was legally established as a fact.

In the absence of the counsel and all legal showing, it was not an abuse of discretion to disregard the letter when that was all there was upon which the court was called to act.

In regard to instructions, the following subdivisions of sec. 187, Civil Code, need be considered : " When the evidence is concluded, and either party desires special instructions to be given to the jury, such instruction shall be reduced to writing, numbered and signed by the party or his attorney asking the same, and delivered to the court.

" Before the argument is begun, the court shall give such instructions upon the law to the jury as may be necessary, which instructions shall be in writing and signed by the judge."

It is said : " The court shall give such instructions upon the law to the jury as may be necessary." We can find no question *of law* raised, making any instructions *necessary;*

the only question for the jury was one of fact as to the amount due; no special instructions were asked by either party. Defendant cannot complain that the plaintiff failed to present and ask special instructions; and he did not participate in the proceeding, raised no question of law, nor tendered any instructions.

The statute, as claimed by the plaintiff in error, is no doubt mandatory as to the course to be pursued in regard to in-instructions *presented*, but it could hardly be considered mandatory to the extent of making it obligatory upon the court to instruct as to the law of the case, when no instructions were asked and no question of the law involved.

It is urged in argument that more than half of the aggregate amount being for interest, and the right to exact interest being a statutory right, questions of law were directly presented as to the computation. In answer, it is only necessary to say that no question of law was raised. Had there been defense, questions of law might have been raised, requiring instructions from the court, but as none were raised, the presumption of legality and regularity in the computation must prevail.

It is ably urged that the evidence was not sufficient to warrant the finding. It is true the evidence as to the amount due was general, giving results, balances and aggregates, but it will be observed that an itemized bill, or bill of particulars, was also filed, and a copy furnished the defendant previous to the trial, showing the different items going to make up the aggregate, including the items of interest. If such showing or any of the items had been wrong, defendant had ample opportunity to contest them, and unless attacked or contested the general evidence in regard to the correctness was sufficient to make a prima facie case.

As to the issues made by the pleadings in regard to the mining company claim and the wagon road claim, they were clearly sustained by plaintiff's evidence.

It is claimed in the argument that the mining company matter was a promise to pay the debt of another, and, not

·having been made in writing, void under the statute of frauds. The statute was not pleaded, which, alone, is sufficient answer, but there is another equally conclusive. It appears that the defendant collected the amount in money from his company, and instead of paying it over retained it; hence, it was so much money received by him to the use of the plaintiffs. I am not aware that it ever before has been contended that the statute of frauds applied under such circumstances; having received and retained the money, it became his own debt, not that of another.

Had proper defense been made, it is possible the amount might have been reduced, but no serious errors warranting a reversal are found.

The judgment of the district court will be affirmed.

*Affirmed.*