Bissell, J.,
delivered the opinion of the court.
McRae, the defendant in error, sued Salomon on.a eon-tract of employment, under which he was entitled to receive a stipulated wage, and averred performance. On the termination of the contract, Salomon refused to pay him some $292.64, for which he brought this suit. The contract and its terms were admitted. By way of defense and counterclaim, the defendant set up representations alleged to have been made by McRae respecting the extent of his' acquaint *24 anee and the trade which he could control, and the making of an agreement between the parties whereby McRae agreed that if he was permitted to sell goods to divers persons on credit he was to guarantee the accounts and become responsible for all bills which were contracted under that arrangement. The defendant alleged the sale of a very considerable quantity of goods on the faith and strength of this guaranty, and the execution of a memorandum in writing averred to be sufficient to take it out of the statute of frauds. The amount of money thus due Salomon for unpaid bills under this arrangement according to his allegations was some $780, for which he demanded judgment. The replication denied the guaranty or agreement to pay the accounts as stated. On the trial the plaintiff offered testimony which sustained his cause of action. Thereupon the defendant, in support of his counterclaim, undertook to offer bills in evidence against divers persons on which were written the letters “ O. K. McR.,” and attempted to prove the custom which prevailed ■in the trade concerning the construction to be put on those letters, and therefrom deduce a contract which would sufficiently satisfy the statute. The evidence was objected to and excluded, and the rulings of the court thereon are assigned as error.
The first proposition respects the absence of a plea of the statute in the plaintiff’s replication. Counsel attempt to support their contention that the statute of frauds must be pleaded in order to become available'by reference to a case decided by this court (Hamill v. Hall, 4 Colo. App. 290), wherein it is said: “The statute was not pleaded, which alone is sufficient' answer.” The opinion does not support the proposition. According to all the authorities in this state, the defense of the statute of frauds is a matter of evidence rather than a matter of pleading. The brief sentence contained in the opinion of this court which has been referred to is in no sense opposed to this general doctrine. The opinion was not rested on that proposition, nor was the judgment based on it, though as a. legal proposition the statement *25 is entirely accurate as applied to the particular facts of that case. According to the complaint in that suit, the contract was between the plaintiff and the defendant, and as it was alleged the plaintiff was personally responsible for the goods sold and the work done, the defendant occupied no such relation to the matter in controversy as that of a guarantor or a person who had promised to answer for the debt or default of another. In the answer which Hamill interposed, the agreement and the performance were substantially admitted, although it was stated generally that the work was done and the supplies furnished to persons other than the defendant Hamill. Under these circumstances, if Hamill desired to avail himself of the statute, it was incumbent on him, if he admitted the agreement, to plead its invalidity and rely on the statutory defense. This has always been the practice in equity where the plaintiff relied on an agreement within the statute which was admitted by the defendant. To avail himself of the statute, the defendant was bound to plead it. In analogy to this rule of equity pleading and practice, it is undoubtedly true, under the code, that if the plaintiff sets up an agreement which is within the statute, though not so pleaded, and the defendant admits the contract, but relies on the statute, he must insist on this defense. This is conceded bjr most of the authorities, and no other practice is available. Daniel’s Chancery Pleading & Practice, vol. 1, pp. 681 and 682 (3d Am. ed.); Bliss on Code Pleading, sec. 353; Tucker v. Edwards, 7 Colo. 209; Hunt v. Hayt, 10 Colo. 278.
This analysis will serve two purposes: It disposes of one branch of the contention of plaintiff in error, and advises the profession of the limits within which the doctrine stated in Hamill v. Hall can be applied.
A collateral inquiry growing out of this question of pleading and practice is presented by the situation of the pleadings in the present suit. The plaintiff by his replication denied the agreement, and insisted that thereby the statutory defense was available, and he could insist on his objection to any proof which did not embrace an agreement properly exe *26 cuted and authenticated. It is very generally held by the authorities that wherever the agreement is denied the plaintiff is put to proof of a contract which is not void under the statute. Timely objection to the introduction of any other kind of evidence will exclude it and the defendant thus have the benefit of the bar as fully and completely as though the statute had been specifically pleaded. Dunphy v. Ryan, 116 U. S. 491.
This proposition being disposed of, we are then brought to the inquiry whether the evidence which the defendant offered in support of his counterclaim was admissible. We conclude not. There was no attempt whatever to prove any agreement, unless one is properly deducible from the appearance of the letters “ O. K. McR.,” which appear on the face of the bills with which the defendant seeks to charge the salesman. The defendant conceded that the letters by themselves made no contract or agreement, but attempted to supply the necessary ingredients required by the authorities by proof of a use and custom which would give to those letters a distinct and specific signification. We do not find any of the authorities go to this limit. The essential terms of the agreement must be ascertained by the writing itself or by reference in it to something else. If the agreement is at all defective, it cannot be supplied by parol proof, and the terms of the agreement gathered not from the writing itself, but from parol testimony concerning the convention of the parties. No well considered case holds a contrary doctrine. Williams v. Morris, 95 U. S. 444; Reed on Statute of Frauds, vol. 1, sec. 398; Hall v. Soule, 11 Mich. 494; Wright v. Weeks et al., 25 N. Y. 153.
According to all the authorities, the contract which is offered and which is supposed to take the agreement out of the operation of the statute must be complete in its terms, and therefrom the court must gather the conditions and be able to say that substantially the entire contract is expressed in the writing.
It is likewise held that the omitted terms and conditions *27 which are essential to a completed agreement may not be shown by parol, nor' can they be supplied by proof of custom, which is only admissible for the purposes of interpreting the meaning of language employed by the parties or explaining it where its meaning is otherwise obscure. Savings Bank v. Ward, 100 U. S. 195; Hinton v. Locke, 5 Hill, 437.
The evidence offered in this case was far below the level of what these authorities require. There was neither the expression of an agreement,- nor was there a memorandum in writing purporting to contain it, nor any other thing found in the evidence offered, save the letters which have been referred to. These of themselves make no contract. Neither parties nor consideration are expressed; there is a total want of any statement of what the agreement of the parties was, or the circumstances under which one was to be bound and a cause of action come to the other.
We conclude the court, did not err in excluding this testimony, and that the judgment entered for the plaintiff on his proof was entirely correct, and it will accordingly be affirmed.

Affirmed.