[No. 5317.]
[No. 2955 C. A.]

## TAYLOR v. BARNETT.

1. **Appellate Practice—Verdict Based on Conflicting Evidence—Not Disturbed on Appeal.**

   Where the evidence is conflicting the verdict of the jury will be accepted as conclusive of the facts on appeal.—P. 471.

2. **Appellate Practice—Instructions—Necessity of Objections and Exceptions.**

   Where no objections were made to the giving of instructions and no exceptions saved to the ruling of the trial court thereon, they will not be considered on appeal.—P. 471.

3. **Practice in Civil Actions—Instructions—Necessity of Requesting.**

   Mills' Ann. Code, § 187, provides that if either party desires special instructions to be given the jury, such instructions shall be reduced to writing, numbered, and signed by the party, or his attorney, asking the same, and delivered to the court. Held, that a trial court is not bound to specially instruct in the absence of such instructions being presented and requested. —P. 472.

4. **Appellate Practice—Verdict—Necessity of Objections and Exceptions.**

   Where no objection was made at the time of the rendition of the verdict that it did not contain an express finding on a counter-claim, and no exception was taken to the verdict as rendered, the matter will not be considered on appeal.—P. 472.

*Appeal from the County Court of the City and County of Denver.*

*Hon. R. D. McLeod, Judge.*

Action by Julia Barnett against Thomas Taylor. From a judgment for plaintiff in the county court on

appeal from a similar judgment in the justice court, defendant appeals.                              *Affirmed.*

Messrs. Thomas & Thomas, for appellant.

Mr. J. H. Stuart, for appellee.

This action was originally brought by the appellee before a justice of the peace to recover the sum of $20 for services rendered appellant's wife during her last illness. From a judgment in her favor, Taylor appealed the case to the county court. The case was there tried to a jury. Upon the trial the appellant admitted the plaintiff's claim, and interposed a counter-claim for various articles belonging to Taylor amounting, in the aggregate, to the sum of $128 claimed to have been stolen by Mrs. Barnett from his house.

Plaintiff's counsel objected to the introduction of any testimony in support of the matters relied on by defendant, for the reason that they did not constitute a valid counter-claim, and moved for judgment for the amount of plaintiff's claim, counsel for defendant having admitted that the same was due and owing by the defendant. The court overruled the motion, and proceeded with the examination of witnesses in support of, and against, the counter-claim. Upon the conclusion of the testimony, the court instructed the jury as follows:

"Gentlemen of the jury: This being a case up here in the county court on appeal from the justice court, the rulings of the justice court prevail in this court, and the court will not instruct you as to the law, except to say, you are the judges of the law as well as the evidence.

"There are two forms of verdicts, which have been prepared for your signature: One is, 'We, the jury, find the issues joined for the plaintiff, and assess her damages at the sum of.........dollars.'

"The other form is: 'We, the jury, find the issues for the defendant on his counter-claim, and assess his damages at the sum of........dollars.'"

Upon being requested by the counsel for the defendant to instruct the jury especially upon certain points of the evidence, as to the admissions made by the plaintiff, and the fact of her having brought back certain articles, the court said: "The court is unwilling to instruct upon this point more than on any other point, but I think the form of the verdict is sufficient."

The jury rendered a verdict in favor of the plaintiff, assessing her damages in the sum of $20. Motion for a new trial was overruled and judgment entered upon the verdict. From this judgment defendant prosecutes this appeal.

Mr. JUSTICE GODDARD delivered the opinion of the court:

The defendant having admitted the claim of plaintiff, the trial was confined to the issue presented by the counter-claim. Upon this issue, testimony was introduced on both sides. This evidence was conflicting, and under the well-settled rule, we must accept the verdict of the jury as conclusive as to the facts.

Error is assigned upon (1) the instructions as given by the court; and (2) its refusal to instruct as requested by defendant.

1. The objection presented by the assignment of errors predicated upon the instructions given is not properly before us for consideration, since no objection to giving the same was made in the court below, and no exception taken or preserved in the record.—*Bourke v. Van Keuren,* 20 Colo. 95; *Gilpin v. Gilpin,* 12 Colo. 504.

2. So far as the record discloses, no instruc-

tions on behalf of the defendant were properly presented. Section 187, Civil Code, provides that, if either party "desires special instructions to be given to the jury, such instruction shall be reduced to writing, numbered and signed by the party, or his attorney, asking the same, and delivered to the court."

In *Hamill v. Hall,* 4 Colo. App. 290, speaking of this provision, the court said: "The statute * * * is no doubt mandatory as to the course to be pursued in regard to instructions *presented,* but it could hardly be considered mandatory to the extent of making it obligatory upon the court to instruct as to the law of the case, when no instructions were asked and no question of the law involved."

No attempted compliance with this provision is shown. We are not even advised as to what rule of law the defendant desired the court to announce.

Counsel urge in argument the further objection that the jury made no express finding in its verdict upon the counter-claim. Suffice it to say that this objection was not made at the time of the rendition of the verdict, nor was there any exception taken to the verdict as rendered.

The record presents no reviewable error that would justify a reversal. The judgment will, therefore, be affirmed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.