NEWARK FIRE INSURANCE COMPANY *v.* SMITH *et al.*

No. 8927. DECEMBER 14, 1932.

*Spalding, MacDougald & Sibley, Hall, Grice & Bloch,* and *Ellsworth Hall Jr.,* for plaintiff in error.

*Jones, Jones, Johnston & Russell* and *Mallory C. Atkinson,* contra.

BELL, J. ■ In abbreviated form the first question is as follows: Where a written instrument declared on as a contract of fire insurance is silent as to the duration of the risk, and where the defendant is insisting that the alleged contract is invalid because the period of the risk is not stated in the writing, is it permissible for the plaintiff to supply this element by allegation and proof of a general custom covering such matter? This question should be and is answered in the negative. Under the law of this State a contract of fire insurance, to be binding, must be in writing. Civil Code (1910), § 2470; *Delaware Ins. Co.* v. *Pennsylvania Fire Ins. Co.,* 126 *Ga.* 380 (4) (55 S. E. 330, 7 Ann. Cas. 1134). Such a contract can not be made partly in writing and partly in parol. *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703 (4) (64 S. E. 993). Judges and text-writers have undertaken to enumerate the essential elements of a valid contract of fire insurance, but the question now under consideration has reference only to the duration of the risk, and in holding that the agreement as to time must be expressed in the writing we make no adjudication as to what else the written instrument should contain. In *Clark* v. *Brand,* 62 *Ga.* 23, it was held that a contract of fire insurance with its terms and stipulations must be in writing, and that no element of a valid contract of that character could be more material than the duration of the risk. It was further said: "A contract which expresses no time for the risk to continue is too vague and uncertain to be treated as complete. Such a contract is not 'consummated.'"

But was it permissible for the plaintiff to supply this element by allegation and proof of a general custom regarding such matter? The Code provides that a custom of trade may under certain conditions become by implication "a part of the contract;" and also that evidence of a known and established usage is admissible to aid in

the construction of a contract, "as well as to annex incidents." Civil Code (1910), §§ 1, par. 4, 5793, 4268, par 2. But these provisions by their very terms presuppose the existence of a contract. "Where there is no contract, proof of usage will not make one." Savings Bank v. Ward, 100 U. S. 195, 206 (25 L. ed. 621). "A general usage may be proved, in proper cases, to remove ambiguities and uncertainties in a contract, or to annex incidents, but it can not destroy, contradict, or modify what is otherwise manifest. Where the intent and meaning of the parties are clear, evidence of a usage to the contrary is irrelevent and unavailing. Usage can not make a contract where there is none, nor prevent the effect of the settled rules of law." National Bank v. Burkhardt, 100 U. S. 686, 692 (25 L. ed. 766); Tilley v. Cook County, 103 U. S. 155 (26 L. ed. 374); Boorman v. Jenkins, 12 Wend. 566 (27 Am. D. 158); Thomas v. Guarantee Title Co., 81 Ohio St. 432 (91 N. E. 183, 26 L. R. A. (N. S.) 1210); 27 R. C. L. 173, § 20; 17 C. J. 501, § 64. In Salomon v. McRae, 9 Colo. App. 23 (47 Pac. 409), the Court of Appeals of Colorado held that an indorsement by an agent of the words "O. K." on bills of goods sold was not a sufficient memorandum of a contract of guaranty to comply with the statute of frauds, and also that proof of a custom was inadmissible to show that the letters used implied a guaranty of payment by the agent for all goods sold by him on credit as alleged.

"Custom may sometimes be invoked as entering into a contract or supplying incidents, but not to change the law." *Fidelity & Deposit Co.* v. *Butler,* 130 *Ga.* 225 (4), 243 (60 S. E. 851, 16 L. R. A. (N. S.) 994); *Happ Bros. Co.* v. *Hunter Mfg. Co.,* 145 *Ga.* 836 (5) (90 S. E. 61). If such an important matter as the duration of the risk can be shown by proof of an established usage or custom so as to render all writing unnecessary upon that subject, the same conclusion could about as well be reached as to any one or all of the other essential elements of a valid contract of fire insurance. Such a process would effectually nullify or repeal the statute which requires such contracts to be in writing; and this the courts can not do. In *Branch* v. *Palmer,* 65 *Ga.* 210, 214, it was said that evidence of a "custom of trade is admissible, not as ordinary parol evidence, but as law—entering into the contract just as any other law does." Even so, the law itself can not make a contract for the parties, although there are provisions to the effect that upon proof

of certain facts an agreement may be inferred. Civil Code (1910), §§ 3692, 3739-3741, 5513. In that case the custom was admitted only to annex an incident to the contract, or to aid in its interpretation. In *Farmers Ginnery Co.* v. *Thrasher*, 144 *Ga.* 598 (87 S. E. 804), the plaintiff did not rely upon a custom to establish a contract of fire insurance, but sought and was permitted by such means to establish an agreement to insure as an incident of the contract of storage. A recovery appears to have been allowed upon the theory that the defendant warehouseman failed to carry insurance according to the storage contract, with the result that the customer was damaged by such breach. Where in a purported or attempted contract of fire insurance there is an absolute vacuum as to one of the elements about which the law requires a written stipulation, the deficiency can not be supplied by a custom of trade. As illustrating the purposes for which such a custom may be shown, see *Citizens & Southern Bank* v. *Union Warehouse Co.*, 157 *Ga.* 434 (122 S. E. 327) ; *Stewart* v. *Cook*, 118 *Ga.* 541 (45 S. E. 398).

■ In *Todd* v. *German American Insurance Co.*, 2 *Ga. App.* 789, 793 (supra), the following statement was quoted from Joyce on Insurance, § 46 : "All the essentials [of a contract of insurance] need not, however, be expressly negotiated upon, since they may be understood; as where the terms of the usual policy are presumed to have been intended; or where the usual rate of premium is presumed to have been meant; or in case the duration of the risk is understood to be the same as in a former policy; or where by custom or usage a certain course of dealing has been established." The second question propounded by the Court of Appeals is whether this statement can "be applied as a correct rule in this State to the extent of permitting the duration of the risk to be shown by custom and usage, where the contract is entirely silent as to such matter." This question is also answered in the negative. In most, if not all, of the other States of the Union, oral contracts of fire insurance are valid and enforceable. *Meriwether* v. *Metropolitan Life Ins. Co.*, 44 *Ga. App.* 596,.602 (162 S. E. 421) ; 32 C. J. 1113, 1115, §§ 209, 210. The statement quoted from Joyce on Insurance was contained in the first edition of that work, and no Georgia case was cited in support of the text. On the other hand, every decision referred to was rendered in a. jurisdiction in which oral contracts of insurance were binding. It is thus apparent that the statement by

the learned author of this work proceeded from sources which could not be relied on as stating a rule of law to be applied in the State of Georgia. As was suggested in *Simonton* v. *Liverpool, London & Globe Ins. Co.,* 51 *Ga.* 76, 80, many of the expressions in the cases, and many of the cases themselves, are to be considered in view of the fact that the law in the particular jurisdictions did not require such contracts to be in writing. Several decisions by the Court of Appeals of this State have quoted the statement from Joyce on Insurance as now brought to the attention of this court. Besides the *Todd* case, supra, see *Queen Ins. Co.* v. *Hartwell Ice Co.,* 7 *Ga. App.* 787 (68 S. E. 310) ; *New Jersey Ins. Co.* v. *Rowell,* 33 *Ga. App.* 552 (126 S. E. 892). None of these decisions had relation to a contract in which there was a total absence of stipulation with respect to the duration of the risk; and hence, upon their particular facts, the decisions may have been correct, notwithstanding they quoted with implied approval a statement which did not truly represent the law of this State. See further, in this connection, *Electric City Lumber Co.* v. *New York Underwriters Ins. Co.,* 43 *Ga. App.* 355 (158 S. E. 620).

What has been said as to the statement contained in the first edition of Joyce and as to the decisions cited thereto applies equally to the same statement and to the citations contained in the second edition, except that the additional cases cited in the second edition included the two decisions by the Court of Appeals of this State, which by that time had quoted the statement from the first edition. Our ruling to the effect that the statement does not express the law of this State in reference to the duration of risk is in answer to a specific question pertaining only to this subject, and should not be taken as deciding whether the statement is or is not correct with respect to any other matter therein referred to.

*All the Justices concur.*