**J. T. KNIGHT & SON, Inc., v. SUPERIOR FIRE INS. CO. OF PITTSBURGH, PA.**

**No. 7768.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 25, 1935.

Henry D. Gaggstatter, of Columbus, Ga., for appellant.

J. M. B. Bloodworth, of Atlanta, Ga., and Frank D. Foley, of Columbus, Ga., for appellee.

Before HUTCHESON, and WALKER, Circuit Judges, and HOLMES, District Judge.

WALKER, Circuit Judge.

This was an action by the appellant, assignee of Columbus Fertilizer Corporation, to recover of the appellee $9,978.23, the alleged amount of the loss or damage by fire on October 27, 1932, to buildings and machinery of Columbus Fertilizer Corporation located on a described lot, with interest on said amount from February 28, 1933, "less such rate of premium as shall be determined as due said defendant," also 25 per cent. on that amount by reason of appellee's alleged bad faith, and 10 per cent. of said first stated amount as reasonable attorney's fees. The petition contained two counts. The first count alleged the execution on September 28, 1932, by the Jordan Company, appellee's agent, of an instrument of which the following is a copy:

"G. Gunby Jordan, Pres.
"R. C. Jordan, Vice-Pres.
"D. C. Higgins, Secy-Treas.
"The Jordan Company
"Surety Bonds and Insurance.
"Own, Buy, Sell, Rent and Lease Real Estate Loans and Investments.
"General Contractors Home Builders.
"Columbus, Ga., Sept. 28, 1932.
"Columbus Fertilizer Corp.,
"Columbus, Georgia,
"Gentlemen:
"Re: Binder—Buildings & Machinery.
"In view of the fact that some of the Companies incorporated in our original binder did not desire to carry the amount set forth or desired no liability under this schedule, we have rearranged the binder.

"We have bound the following Companies to the extent of the amounts set opposite them, respectively against loss or damage by fire to your buildings and machinery;

"Fire Association of Philadelphia, $20,000

"Occidental Insurance Company, $20,000

"Northern Assurance Company, Ltd., $10,000

"Superior Fire Insurance Company, $10,000

"Empire State Underwriters, $10,000

"American & Foreign Insurance Co., $10,000

"The two latter Companies are represented by R. H. McNulty Company.

"It is understood and agreed that loss payable, if any, shall be to the Merchants & Mechanics Bank of Columbus, Ga., as their interest may appear.

"You may be assured that this binder will be replaced by regular policy contracts as soon as possible.

"Thanking you, we are,
"Yours very truly,
"[Signed] W. H. Dismuke, Jr.,
"WHD:FD Manager Ins. Dept."

That count contained allegations as to the execution on September 2, 1932, of a similar instrument in which the name of the appellee was not included; allegations to the effect that said the Jordan Company advised the insured that the rate of premium to cover said property would have to be promulgated by the Georgia Inspection and Rating Bureau, from sixty to ninety days being required for such promulgation; that the rate of premium and the total amount thereof being unknown to the Jordan Company, it was then and there agreed that promptly after promulgation of said rate by said bureau and the issue of a regular policy contract the total amount of premium on said insurance as so determined and fixed would be immediately paid by said Columbus Fertilizer Corporation; that on October 27, 1932, while said binder contract of insurance was in full force and effect, and before the rate of premium had been fixed, said buildings and machinery were damaged by fire; that when said contract of insurance was entered into, the legal title to said buildings and machinery was vested in Merchants & Mechanics Bank of Columbus, Ga., and Columbus Fertilizer Corporation had authority and control, and was in actual possession thereof, under and by virtue of a contract of purchase previously entered into with said Merchants & Mechanics Bank. That count also alleged that regular proof of loss as required by and under the terms and conditions of the regular standard fire insurance was sent to the appellee. The second count of the petition was not substantially different from the first count. After the appellee had filed demurrers to the petition and to each count thereof, each of those counts was several times amended. Each of the counts was amended by adding an allegation to the effect that the proof of loss referred to in the original petition was delivered to the appellee on January 7, 1933, and by making an exhibit what was alleged to be a copy of

regular standard fire insurance policy contract. That instrument contains the following provisions:

" * * * If fire occur the insured shall give immediate notice of any loss thereby in writing to this Company * * * and, within sixty days after the fire, unless such time is extended in writing by this Company, shall render a statement to this Company, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof and the amount of loss thereon," and continuing with the same provisions with reference to contents of proof of loss as contained in the standard contract of fire insurance.

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any Court of law or equity until full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

Each of the counts was amended by adding allegations to the effect that, by failing "as soon as possible" to replace said binder contract by a regular policy containing specific requirements as to the time of filing proof of loss, and by failing to deny liability under said binder contract until long after said proof of loss was filed with it on January 7, 1933, appellee waived compliance with all conditions in any regular policy contract contemplated by said binder contract relating to proof of loss. The demurrers to the original petition were renewed and made applicable to the petition and each count thereof as the same were finally amended. The court sustained those demurrers, and dismissed the petition as finally amended.

The allegations of the petition do not show that, other than the above set out binder, there was any writing between appellee and appellant's assignor with reference to the former agreeing to indemnify the latter against loss by fire to any property. A Georgia statute provides: "The contract of fire insurance is one whereby an individual or company, in consideration of a premium paid, shall agree to indemnify the assured against loss by fire to the property described in the policy, according to the terms and stipulations thereof. Such

contract, to be binding, shall be in writing; but delivery shall not be necessary if, in other respects, the contract shall be consummated." Georgia Code, 1933, § 56-801. Under this statute, as it has been authoritatively construed, for a contract of fire insurance to be valid it must be wholly in writing, and must show that the minds of the parties met and agreed upon the essential elements of such a contract; one of those elements being the duration of the risk insured against, and another of those elements being the premium to be paid. Athens Mutual Insurance Co. v. Evans, 132 Ga. 703, 64 S.E. 993; Clark, Rosser & Co. v. Brand & Hammons, 62 Ga. 23; Todd v. German-American Insurance Co., 2 Ga. App. 789, 59 S.E. 94. The opinions in cases decided by the Georgia Court of Appeals, a tribunal subordinate in rank to the Supreme Court of that state, contain expressions to the effect that some elements of a Georgia contract of fire insurance may be shown otherwise than in writing, as by a course of dealing, or custom, or usage. That the expressions referred to do not correctly indicate the law in Georgia on the subject dealt with is made manifest by the decision of the Supreme Court of Georgia in the case of Newark Fire Insurance Co. v. Smith, 176 Ga. 91, 167 S.E. 79, 85 A.L.R. 1330, to the effect that, whatever may be the rule in other jurisdictions, under the above-quoted statute, a Georgia written contract of fire insurance is invalid if it is silent as to the duration of the risk. Though in jurisdictions other than Georgia such a memorandum or binder as the one set out in the petition is effective as a contract of insurance if such elements of the contract as the period of the risk and the premium to be paid are understood between the parties to the contract, though not stated in any writing between them [Eames v. Home Insurance Co., 94 U.S. 621, 24 L.Ed. 298; 1 Cooley's Briefs on Insurance (2d Ed.) p. 815, subsection (c)], the above-quoted Georgia statute, as construed in above-cited cases, invalidates the contract unless the essential elements of a fire insurance contract, including the two elements above mentioned, are stated or disclosed in a writing between the insurer and the purported insured.

Appellant's petition as it was finally amended showed that appellant lacked the right to recover for a reason other than the invalidity of the instrument sued on. Appellant's petition as last amended asserts a claim that appellee waived compliance with the above set out provision of the exhibited form of regular policy contract as to delivering to appellee proof of loss within sixty days after the fire. What was relied on as evidencing such waiver was the alleged failure of the appellee to deny liability under the binder instrument sued on until long after appellant filed with appellee proof of loss on January 7, 1933, more than sixty days after the fire. Appellant's petition contained no allegation as to the appellee, before the expiration of the time for filing proof of loss, doing or omitting to do anything whereby appellant or its assignor was led to believe that compliance with that requirement would not be insisted on by the appellee. Compliance with that requirement may be waived by the insurer denying liability under the policy before the expiration of the prescribed time allowed for filing proof of loss. After the insured has lost the right to sue on a policy by failing to comply with the condition precedent of filing proof of loss within the time allowed, nothing done or omitted by the insurer within that time having caused or contributed to that failure, that right so lost is not revived by the insurer's subsequent denial of liability. A waiver by an insurer of a fire insurance policy requirement as to filing proof of loss within a stated time does not result from the insurer's denial of liability after the expiration of that time. Newark Fire Insurance Co. v. Reese, 32 Ga.App. 42, 123 S.E. 41; People's Loan & Savings Co. v. Fidelity & Casualty Co., 39 Ga.App. 337, 147 S.E. 171; National City Bank v. National Security Co. (C.C.A.) 58 F.(2d) 7; 7 Cyclopedia of Insurance Law, Couch, § 1591. However, it is not material in this case whether appellee did or did not waive compliance with the provision as to filing proof of loss, as, for reasons above indicated, appellant was not entitled to recover even if proof of loss had been filed within the time allowed.

The judgment is affirmed.