## JACOBS v. MERCHANTS FIRE ASSUR. CORPORATION OF NEW YORK.

### No. 8754.

Circuit Court of Appeals, Fifth Circuit.

Nov. 15, 1938.

McCORD, Circuit Judge, dissenting.

A. C. Wheeler, E. D. Kenyon, and Chas. J. Thurmond, all of Gainesville, Ga., for appellant.

Grover Middlebrooks, of Atlanta, Ga., and Wm. P. Whelchel, of Gainesville, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

In Georgia by statute a contract of fire insurance must be in writing, Ga.Code, § 56-801, and this is apparently true of other contracts of insurance. Sec. 56-213. The contract must be wholly in writing and not partly in parol. Athens Mutual Ins. Co. v. Evans, 132 Ga. 703, 64 S.E. 993; Newark Fire Ins. Co. v. Smith, 176 Ga. 91, 167 S.E. 79, 85 A.L.R. 1330. The writing must express the essentials of the contract. Knight & Son v. Superior Fire Ins. Co., 5 Cir., 80 F.2d 311. An insurance contract which does not say what risks are insured against is certainly insufficient.

In this case, Jacobs sued at law on a written policy for damage to a stock of automobiles injured in a tornado in an agreed amount of $5,988. The defense was that the policy did not cover damage by tornado. The policy introduced was on a form appropriate to insure a single automobile and stated: "C. This insurance is against only such and so many of the perils named in the schedule below as are indicated by a specific premium in writing set opposite thereto." The schedule listed seven perils, the first being "fire, lightning, and transportation as defined in Par. F, page 2.", and the fifth was "Tornado, Cyclone, Windstorm * * * as defined in Par. I, page 2.", and the sixth "Collision or upset as defined in Par. J, page 2." No premium was set down opposite any of these perils, nor was the blank for the total premium filled out. The words "See form attached" were, however, written in the schedule. The form attached is a long one headed "Automobile Dealers Open Policy", which has the effect to make the policy applicable to a dealer's floating stock of automobiles, and requires monthly statements of the cash value of cars on hand, on which basis monthly premiums are to be charged against an initial deposit of $100, till it is exhausted, and then paid additionally each month. It is stated that the annual rate is 2.21%, which we understand to mean $2.21 per $100 insured. There is no statement in this form of what perils this rate covers. It thus plainly appears that a premium was charged for some peril or perils, and the evidence is that during the currency of the policy a total of $272

was paid in monthly premiums on bills rendered by the insurer. Nevertheless the policy and attached form fail to disclose what risks are insured against, its provision being that none is covered unless there is a written designation of the premium for it in the schedule. A rider was added, however, which states that "in consideration of additional premiums to be computed at the annual rate of $1.20 per $100 of values reported each month this policy is extended to cover the peril of collision or upset." This rider plainly makes an additional insurance on the 6th item of the schedule of risks for an additional premium, but it in no wise settles what risks were at first insured. Jacobs testified that he asked for a 100% coverage, meaning all risks, and the agent who issued the policy testified that he figured only the fire and theft risks besides collision, but he admits that he did not say so to Jacobs and never at any time gave him any itemization of the premium charges which would show what risks were charged for. Jacobs by amendment of his petition contended that he had called for insurance including tornado risks and thought he had it, and that the insurer knew this and prepared the policy and collected the premiums with that knowledge and should be estopped to deny that the policy covered that risk; also that the policy if ambiguous as to what it covered should be construed in his favor and be held to cover all the risks it mentioned. The judge granted an involuntary non-suit.

We agree that no right to recover at law was proven. The policy was not ambiguous. It distinctly says that no risks are covered save those for which a particular premium is listed. The rider for insurance against collision and upset at a premium rate of $1.20 is the only risk thus identified. Remembering that the written policy must state the whole contract and parol evidence cannot add to it, there is no process of construction of its terms by which a court could say that tornado insurance rather than some other was provided for. It cannot be concluded that all risks were covered, for that is in the teeth of the provision that none are covered save those with an itemized premium set down. But it is evident that some risk was intended to be insured against in the original policy, for a rate of $2.21 was charged and collected for it. It is plainly a case in which the writing is incomplete and so fails to fully express what the agreement was. In a law case the failure cannot be remedied by parol evidence of the agreement for insurance; but where through fraud, accident or mistake the writing fails to express the true agreement a reformation may be had in equity. Niagara Fire Ins. Co. v. Jordan, 134 Ga. 667, 68 S.E. 611, 20 Ann.Cas. 363; Overland Southern Motor Co. v. Maryland Casualty Co., 147 Ga. 63, 92 S.E. 931. This is the relief that must be sought in this case if the true agreement was for tornado insurance.

Estoppel is not a substitute for reformation. In Springfield Fire & Marine Ins. Co. v. Price, 132 Ga. 687, 64 S.E. 1074, reformation was held unnecessary to prevent the defeat of an insurance contract by a condition for fee simple ownership, the initial breach of which was known to the insurer when the policy was issued and the premium was collected, estoppel being held effective against asserting the condition. But this is a very different thing from the creating by estoppel proved in parol a contract which is required to be in writing. Giving full effect to the doctrine that Georgia law must be applied to a Georgia insurance, we must hold that Jacobs must seek relief in equity by reformation rather than by urging estoppel in a law suit.

The judgment of non-suit is affirmed, without prejudice.

McCORD, Circuit Judge, dissents.