## AYERS v. HARTFORD ACCIDENT & INDEMNITY CO.

### No. 9005.

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1939.

O. J. Tolnas, of Athens, Ga., and John B. Morris, of Hartwell, Ga., for appellant.

Howard B. Payne of Elberton, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The suit was brought by Donnah Ayers upon a casualty insurance policy issued by Hartford Accident and Indemnity Company to Hart County Board of Education, to recover for the negligent homicide of her child, a school pupil, killed by the operation of a school bus of the Board. It was dismissed for lack of a good cause of action, and appeal taken.

The exhibited policy promises under the head of Public Liability, Injury to Persons: "To pay within the limits specified in the declarations any loss by liability imposed by law, including loss of services or expenses resulting from said bodily injuries, accidentally sustained during the policy period by any person or persons by reason of the ownership, maintenance, or legal use of any automobile described in the declarations for the purposes stated therein." The declarations specified as covered: "School Bus: The term school bus is defined as any automobile of any type used to carry school children and teachers to and from school or to and from games and outings. A school bus may also be used for the incidental transportation of guests, school officials, nurses, doctors and parents or guardians of school children in connection with any school activity." A condition of the policy is this:

"Nothing herein contained * * * shall give to any party making claim the right to sue the company direct, or join the company with the assured as codefendant in any action, until the amount of damages for which the assured is liable by reason of any casualty covered by this policy is determined either by final judgment against the assured or by agreement with the Company."

▮ It was alleged that the bus was being used to haul the school children to and from school, when this school child was negligently but accidentally run over and killed. The driver who was at fault was employed by the School Board, and the bus was owned by it. Neither a judgment against the School Board nor an agreement with the Company touching the damages is asserted. While not alleged, we judicially know that a suit against the Board resulted in a decision by the Georgia Court of Appeals that the Board could not be sued, it being only an agency of the County. Ayers v. Board of Education of Hart County, 56 Ga.App. 146, 192 S.E. 256. See, also, Smith v. Board of Education of Washington County, 153 Ga. 758, 113 S.E. 147. The County for which it acts is not liable, for by Code § 23-1502 "A county is not liable to suit for any cause of action unless made so by statute." Millwood v. De Kalb County, 106 Ga. 743, 32 S.E. 577. There being no liability imposed by law on the Board for this sad tragedy, there can be no loss to the Board to be paid by the Company. It is immaterial whether the promise to pay such loss runs to the Board only or also to the person injured. If there is no liability on the Board or on the County which acts through it, "by reason of the ownership, maintenance or legal use of the automobile," there is no promise to pay anyone. And yet further, if the injured person can sue direct, where such liability exists, the policy stipulates that such a suit shall be filed only after a judgment against the assured or an agreement with the Company as to the amount of the damages; and neither has been had.

▮ To escape this conclusion several positions are taken by complainant in her pleading and argument. And first, that the Board is a ·motor carrier for hire (though not a common carrier), under the provisions of Georgia Code § 68-501 and following, and has taken out this in-

surance as such; and by that law, as amended, an injured person may sue direct on the policy notwithstanding contrary stipulations in it. Great American Indemnity Co. v. Vickers, 183 Ga. 233, 188 S.E. 24. But Sec. 68-502(c) defining the term motor carrier excludes the operators and owners of "motor vehicles engaged solely in transporting school children and teachers to and from public schools." The earlier statutes touching public schools had provided: "Code § 32-919. Whenever the County Board of Education or local district trustees deem it for the best interest of the school, they shall have the right to provide means for the transportation of the pupils and teachers to and from said school." The Boards of Education are plainly excluded from the Motor Carrier Act. Code Ga.1933, § 68-501 et seq. This Board is not alleged to have applied under its provisions for a certificate of public convenience, paid its fees, had its insurance policy approved and filed it with the Public Service Commission or done anything else as required by the Act. The policy makes no reference to the Act. The allegation is that the policy as above quoted names some uses of this school bus beyond the mere hauling of school children and teachers, and that this Board had put this bus at times to such uses. If these uses are not within the words of exclusion in the Motor Carriers Act just quoted, they are also not within the similar words of permission of the school law. The result would be that someone has been using unlawfully this publicly owned vehicle, and may be personally liable while so doing. But such use would not make this Board a motor carrier, for it has no legal right to be. The bus was in an authorized use transporting school children when this tragedy happened. The Board was not operating as a motor carrier, although it collected term fees from the patrons for the transportation. The terms of this policy are not affected by the Motor Carrier Act.

■ Another position taken is that the condition requiring a judgment against the Board before suit is legally impossible of performance and void. The suggestion if sound does not help, because there is no promise to pay where the law imposes no liability on the Board.

■ And lastly it is contended that to construe the policy literally as we have done is to make it unreasonable and a virtual fraud. It is said that this Company before the policy was written had established in Alabama that school authorities are under no legal liability for school bus accidents and that a policy like this would impose none on the Company for such injuries. Hughes v. Hartford Accident & Indemnity Co., 223 Ala. 59, 134 So. 461. So the premium on this policy of over a thousand dollars of the public money has thus been paid for nothing. To right this wrong complainant urges that the policy be so construed as really to insure. She alleges that some small claims have been paid under it, and that in point of fact the School Board and the Company intended by it to insure the school children and the public against injury by the bus. The argument is appealing, but we cannot yield to it. The fraud, if any, is on the Board who paid the money for the policy. Mrs. Ayers did not take out the policy. If through fraud or mistake it does not express the true contract between the Board and the Company, in a proper proceeding and with proper parties it might be reformed. Jacobs v. Merchants Fire Assur. Corp., 5 Cir., 99 F.2d 655. Without such reformation we are bound to take it as saying exactly what the parties to it intended it to say. And the Board indeed appears to have had some benefit from it. The petition alleges, without any details, that a few claims have been paid, the Company thus seeming to acknowledge that the policy covered those claims. And an important provision of it is the Company's promise to defend any suits against the Board for injury, death, or property damage; to pay all costs taxed; and to pay for medical or surgical aid at the time of the accident; all independently of the Board's actual liability. The Company did, we suppose, so defend Mrs. Ayers' suit against the Board, the first of its kind in Georgia. The policy also gives the right without further premium to extend the insurance to the bus driver as an assured. If this had been done, judgment might have been recovered against him and collected out of the Company. The premium thus purchased important rights, and did not go wholly for nothing.

The appellant having no rights under the policy, the judgment dismissing her suit on it must be affirmed.