45273. WHITE LUMBER SALES, INC. v. C. BRINSON LAMB & SONS LUMBER COMPANY, INC.

SUBMITTED APRIL 14, 1970—DECIDED APRIL 24, 1970.

*Percy J. Blount,* for appellant.

*Odom & Dendy, Florence H. Dendy, Lewis & Lewis, Preston B. Lewis, Jr.,* for appellee.

HALL, Presiding Judge. Plaintiff contends the contract was made, according to the usage of the lumber trade, by telephone; that the parties had engaged in a similar course of dealing previously; that defendant never denied the contract within a reasonable time; that breach was clearly proved; and that the jury was unauthorized to return a verdict for defendant.

*Code Ann.* § 109A-1—205, cited by plaintiff, recognizes course of dealing and usage of trade. But for what purpose? To "(3) . . . give particular meaning to and supplement or qualify terms of an agreement." In other words, there must first be an agreement upon which these factors can be brought to bear. "Where there is no contract, proof of usage will not make one." *Newark Fire Ins. Co. v. Smith,* 176 Ga. 91, 94 (167 SE 79, 85 ALR 1330).

Whether or not lumber dealers generally, or these particular parties, regularly make binding contracts by telephone, a telephone call does not automatically result in a contract. There was evidence here which would authorize the jury to find that this time no contract to buy and sell was made but that the parties merely agreed that the offer, represented by the orders, would be held open in the hope an acceptance might later be possible.

*Judgment affirmed. Deen and Evans, JJ., concur.*