LOWE *vs.* BRYANT.

An executory contract, founded on no consideration—either good or valuable—is *nude pact*, and cannot be enforced.

In Equity, in Taylor Superior Court.    Tried before Judge WORRILL, at the October Term, 1860.

The facts and questions exhibited by the record in this case are as follows, to-wit :

On the 25th day of October, 1855, William H. Lowe executed his will, the *third* item of which is as follows :

"I give, bequeath, and devise to my beloved wife, Martha T. Lowe, for and during her natural life, the following property, to-wit: George, a boy eighteen years old; Ellen, a woman about twenty-two; Lilly, a girl about ten; Ben, a boy about five; Osborn, a man about fifty; and Maria, a woman about fifty years old; all the household furniture which I received by my said wife, upon our intermarriage, to-wit: one teaster bedstead and furniture; four trunks, two wash-stands, three looking-glasses, and one brass clock ; and after the death of my said wife, Martha T. Lowe, my will is, that said property shall go to and become the property of my child or children, which my said wife may have living by me, to them and their heirs, forever; and in the event that my said wife should not have by me, any child or children, then said property to become the property absolutely of my wife, to be disposed of as she may think proper, by will or otherwise.    Also, I give, bequeath, and devise, unto my said wife, Martha T. Lowe, for and during her natural life, the following lands, to-wit: Twenty-five acres

off of lot No. 224, in the east corner of said lot, in the 3d district of originally Muscogee, now Taylor county; and one hundred and twenty-five acres off of the west side of lot of land No. 242, in the 2d district of originally Muscogee, now Taylor county, with all the rights, members, and appurtenances; also, my match horses, rockaway and harness; and at the death of my said wife, said land, rockaway, horses and harness, shall be equally divided among all my children, subject to the restrictions hereinafter mentioned."

After giving several other specific legacies, and some money legacies, the testator directed, "all the balance of his property, of every description, not disposed of by his will, should be equally divided amongst all his children, including any children he might thereafter have, by his said wife—the land to be rented, and the negroes to be hired out, not exceeding fifteen months, (discretionary with his executors, they taking into consideration the time of year in which he might die, to govern them, as to the length of time, of renting and hiring,) and the proceeds of the rent and hire thereof, to be applied to the payment of his debts, and the specific legacies in his will."

On the same day that the will was executed, the testator executed a codicil to said will, by the *second* item, of which the testator bequeathed to his wife, a "certain negro fellow named Edmund, about forty-four or five years of age, during her natural life, and after her decease, said negro to go to his daughter, Martha Ellen."

On the 31st day of October, 1855, the said William H. Lowe departed this life, leaving said will and codicil in full force.

On the 6th of November, 1855, the will and codicil were duly propounded, proven, and recorded, before the Court of Ordinary, of said county of Taylor.

The estate of the testator was worth $15,000 00 or $20,000 00, after the payment of all the legacies, and the debts against it.

William R. Lowe, one of the executors nominated in said will, qualified as such, and, on the 5th day of November,

1855, induced the said Martha T. Lowe to execute the following agreement in writing, to-wit:

"GEORGIA, TAYLOR COUNTY.

"I, Martha T. Lowe, widow and relict of William H. Lowe, late of said county, deceased, for and in consideration of the dying request of said deceased, and for and in consideration of the payment of the debts of the deceased, do agree and consent, that all the rights, title and interest which I may have in said estate, by reason of the last will and testament of said deceased, may be kept and used in common with the balance of the property of said estate, for the purpose of making a crop on the farm of said deceased, for the year 1856, by the executor of said will and testament, to-wit: William R. Lowe; that all my said interest in said estate, to-wit: certain land and negroes, and other personal property bequeathed to me by said deceased, in and by virtue of said will, may be managed, used and controlled by said executor, for the purpose aforesaid, free from any charge by me upon said estate. As witness my hand and seal, this 5th of November, 1855.

"MARTHA T. LOWE. [SEAL.]

"Attest, Elias W. Bowden."

On the 15th day of January, 1855, the said Martha T. Lowe having become dissatisfied with the agreement, repudiated the same, and demanded from the said William R. Lowe, the legacy and property bequeathed to her by said will and codicil, which legacy and property the said William R. Lowe refused to deliver to her, but retained said property in his hands, control and possession, during the year 1856, which was worth for that year $694 00 hire.

Under these circumstances, the said Martha T. Lowe filed her bill in Equity, against the said William R. Lowe, executor, to set aside said agreement, and to compel him to pay to her, the hire of the negroes bequeathed to her, and used by the executor during the year 1856, on the ground, that the said agreement was void for want of consideration, and be-

cause the legacy bequeathed to the said Martha T. Lowe, in and by said will, was not in any manner chargeable with the payment of the debts against the estate of the testator.

Pending the bill, William R. Lowe, the executor, died, and John W. Bryant, who had been duly appointed administrator, *de bonis non, cum testamento annexo,* was made a party defendant in said bill.

At the October Term, 1860, the case came up for trial, and upon the facts herein before stated, the jury returned a verdict in favor of the "complainant for the sum of $694 00, and cost of suit."

Counsel for defendant then moved that said verdict be set aside, and a new .trial awarded, on the following grounds, to-wit:

1st. Because the verdict was contrary to evidence.

2d. Because the verdict was contrary to the weight of evidence.

3d. Because the verdict was contrary to law.

The presiding Judge passed an order setting aside said verdict, and awarding a new trial, to which counsel for complainant excepted, and now asks, that said decision be reversed for error.

JAMES T. MAY, for plaintiff in error.

GRICE & WALLACE, SMITH & POU, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Was the contract entered into by Mrs. Lowe, with the executor of her husband, binding? We hold not—for the obvious reason that there is no consideration to support it. Had the contract been executed, it might have been otherwise. But it was executory. The agreement that the negroes and land, left to her by her deceased husband, to be worked by the executor to pay the debts of the estate, was entered into in November, 1855. Early in January, 1856, before the crop was pitched or planted, she repudiated the contract, and demanded her property. It ought to have been deliv-

ered to her; and the executor refusing to make the surrender, is bound to account to her for the rent of her land and hire of her negroes.

Judgment reversed.