CLAYTON *v.* NEWBERRY.

ATKINSON, J. 1. Specific performance of a contract for the sale of land will not be decreed unless the land which is the subject-matter of the alleged sale is clearly identified in the contract. A description of land in a written contract as "part of lot No. 200 in the sixth district and second section of said county [the county being elsewhere named], containing fifteen acres, more or less," is insufficient. *Estes* v. *Winn,* 136 *Ga.* 344 (71 S. E. 470).

2. There was no effort to reform the writing upon which the action was founded; and hence the plaintiff must abide by the contract as written.

3. The questions decided in the first note control the case. They were

raised by demurrer to the petition, objections to the admissibility of evidence, motion for nonsuit, and exception as to the sufficiency of the evidence to authorize the judgment. In each instance the judge erred in deciding contrary to the rulings above announced, and in directing a verdict in favor of the plaintiff.

*Judgment reversed. All the Justices concur.*

SEPTEMBER 27, 1912.

Specific performance. Before Judge Morris. Gilmer superior court. May 16, 1911.

*A. H. Burtz,* for plaintiff in error. *J. Z. Foster,* contra.

*Judgment reversed. All the Justices concur.*