*Ben A. Way* and *Way & Burkhalter,* for plaintiff in error.

*S. B. Brewton* and *Edwin A. Cohen,* contra.

---

HAPP BROTHERS COMPANY *v.* HUNTER MANUFACTURING AND COMMISSION COMPANY; *et vice versa.*

PER CURIAM.    1. A plaintiff can not sue on one contract and recover on a different one. But if he declares on a written contract as signed by the defendant, he may, if other necessary facts be proved, recover on proof that the contract (being one required by the statute of frauds to be in writing and signed by the party to be bound, or some person lawfully authorized by him) was signed by another, if not disqualified by law from acting for the defendant in so signing, in the presence of the party sought to be charged, and at his instance, direction, or request, or with his consent. 2 C. J. 451, 452, and notes; *Reinhart* v. *Miller,* 22 *Ga.* 402, 415 (68 Am. D. 506); Gardner *v.* Gardner, 5 Cush. (Mass.) 483 (52 Am. D. 740).

2. Where a suit on a contract contains an averment that an agent was duly authorized to sign the contract for another, if the evidence shows that the person sought to be charged ratified the act of signing with knowledge of the material facts, this will not constitute such a variance as to prevent a recovery, if the plaintiff is otherwise entitled thereto. Bigler *v.* Baker, 40 Neb. 325 (58 N. W. 1026, 24 L. R. A. 255).

3. Where a contract for the sale and purchase of goods was such as to be within the statute of frauds, the seller could not act as the agent of the buyer in making and signing a memorandum so as to meet the requirement of the statute and bind the buyer. Neither could a sales

agent of the selling corporation, who represented it in the transaction, also act for the buyer in making and signing a memorandum of the contract so as to bind the buyer, though it were done in the presence of the buyer. 11 Clark & Skyles on Agency, § 31; Wright v. Dannah, 2 Camp. 203; Rayner v. Linthorne, 2 C. & P. 124; Forebrother v. Simmons, 5 B. & Ald. 333; Show v. Finney, 13 Metc. 453; Carlisle v. Campbell, 76 Ala. 247.

(a) In this case, although there was evidence indicating that the plaintiff corporation may have been a broker, in the transaction under consideration it was acting for itself as a principal and not as a broker, and the suit is in its name as a principal contracting party. Consequently the question of a broker acting for both parties for certain purposes does not arise.

4. Parol evidence of admissions of the president of the defendant company, made some time after the making of the written contract sued on, to the effect that the defendant company was bound, were not admissible.

5. Evidence of custom or usage, with the necessary requisites, may be admissible to aid in construing a contract or to add incidents thereto. But custom can not change the positive law of the State. Nor is it admissible to show that it was the custom in a particular business for one party making sales, or its agent representing it in such a transaction, to sign the name of the other party to a contract therefor, so as to bind the latter. Hatcher v. Comer, 73 Ga. 418; Miller v. Moore, 83 Ga. 684, 685 (10 S. E. 360, 6 L. R. A. 374, 20 Am. St. R. 329); Fidelity & Deposit Co. v. Butler, 130 Ga. 225, 226 (60 S. E. 851, 16 L. R. A. (N. S.) 994); Civil Code (1910), §§ 1, par. 4, 5793.

6. Evidence that the plaintiff paid the mills from which it obtained the goods at the maturity of the invoice was irrelevant in a suit by the plaintiff against a person who was alleged to have bought from the plaintiff and to have refused to take the goods, the measure of damages claimed in one count of the petition being the contract price of the goods, and in another count the difference between the contract price and the market price at the time and place of delivery.

7. The letters from the defendant to the plaintiff were not objectionable for the reasons assigned.

8. There was no error in rejecting evidence offered to show that the defendant had previously purchased from the plaintiff similar goods under a different contract, and that there had been delay in delivering them, whereby the defendant suffered loss. This separate transaction did not furnish a legal reason for undertaking to cancel an order taken thereafter, and involved in the present case.

9. If a person was the authorized agent of a seller of goods to make sales thereof and to sign a contract of sale for his principal, and he signed such contract in his own name as salesman, this would be binding on his principal; and if such a contract was so signed by the buyer as to be binding upon it, though the only consideration arose from the mutual obligations between the parties, the contract would not be unilateral.

10. There was no error in admitting in evidence the correspondence between the parties; but the charge of the court in regard to a reference in the letters of the defendant to a written contract previously made was inaccurate.

11. In all cases where an amount ascertained would be the damages at the time of the breach of a contract, it may be increased by the addition of legal interest from that time until the recovery. Civil Code (1910); § 4396.

12. When this case was formerly before the Supreme Court (136 *Ga.* 671, 71 S. E. 1099), the decision was based on exception to the overruling of a demurrer to the petition of the plaintiff. It was alleged, among other things, that the alleged contracts on which suit was brought were signed by the lawfully authorized officers and agents of the plaintiff and the defendant, both being corporations. From the copies of the alleged contracts attached to the petition it appeared that they were signed by a named person as the salesman, and by the buyer. It was held that the petition did not show on its face that the contracts were obnoxious to the statute of frauds, or were unilateral. The decision did not hold anything as to the evidence necessary to sustain these allegations.

13. As the case must be returned to the trial court for another trial, no ruling is made in regard to the sufficiency of the evidence as a whole, or on particular points.

14. Under the evidence, there was no error in holding that the plaintiff was not entitled to recover on the first count of his petition, and restricting it to the second count in which it sought to recover the difference between the contract price and the market price.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. By five Justices, all concurring.*

SEPTEMBER 14, 1916.

Action for breach of contract. Before Judge Mathews. Bibb superior court. May 1, 1915.

*Hardeman, Jones, Park & Johnston,* for Happ Brothers Co.
*John R. L. Smith,* contra.