## LANCASTER *v.* WILSON *et al.*

HILL, J. 1. Where two parties sign an agreement to exchange lands belonging to them respectively, although the description of the land belonging to one of the parties is sufficient, if there is an insufficient description of the property belonging to the other party to such contract, a suit to specifically perform the contract could not be maintained at the instance of the party owning the land insufficiently described, for want of mutuality in the contract. *Lewis* v. *Trimble*, ante, 97 (106 S. E. 101); *Buick Motor Co.* v. *Thompson*, 138 *Ga.* 282 (75 S. E. 354). Accordingly, an agreement to " exchange certain property owned by the said 'Wilson, Walker, and Cox in Monticello, Florida, for a certain hotel owned by the said Mrs. Lancaster in Forsyth, Georgia," is not a sufficient description of the land so as to form the basis of a suit for specific performance. *Clayton* v. *Newberry*, 138 *Ga.* 735 (76 S. E. 63). The fact that both parties executed deeds accurately describing certain lands, which deeds were left with their respective attorneys, would not have the effect of curing the defect or of ratifying the agreement.

2. Applying the above ruling to the facts of this case, the trial court erred in granting a temporary injunction and appointing a receiver.

*Judgment reversed. All the Justices concur.*

No. 1988. FEBRUARY 18, 1921.

Injunction and receivership. Before Judge Pendleton. Fulton superior court. February 28, 1920.

*Reagan & Reagan,* for plaintiff in error.

*Moore & Pomeroy* and *W. W. Hood,* contra.