MALONE *v.* KLAER *et al.*

CANDLER, Justice. 1. Specific performance of a contract for the sale of land will not be decreed unless the land which is the subject-matter of the alleged sale is clearly identified in the contract. *Estes* v. *Winn,* 136 *Ga.* 344 (71 S. E. 470); *Clayton* v. *Newberry,* 138 *Ga.* 735 (76 S. E. 63).

2. Where the land is described in the contract as being "in Land Lot 153 of the 17th District of Fulton County, Georgia. . . Beginning at a point on the South side of Collier Road 75 ft., more or less, East of the intersection of Howell Mill Road; running thence South 115 ft., more

or less; running thence East 75 ft., more or less; running thence North 115 ft., more or less to the South side of Collier Road; running thence West along the South side of Collier Road 75 ft., more or less to the point of beginning," such description is so vague and indefinite as to afford no means of identifying any particular tract of land. *Crawford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958); *Tippins* v. *Phillips,* 123 *Ga.* 415 (51 S. E. 410); *Nettles* v. *Glover Realty Co.,* 141 *Ga.* 126 (80 S. E. 630); *Martin* v. *Oakhurst Development Corp.,* 197 *Ga.* 288, 292 (29 S. E. 2d, 179). Nor is the land identified by any descriptive words that might furnish a key by which the description could be applied by extrinsic evidence. See, in this connection, *Blumberg* v. *Nathan,* 190 *Ga.* 64 (8 S. E. 2d, 374).

3. Accordingly, where the petition is not amended, a judgment providing that it should stand dismissed after the expiration of fifteen days, was not erroneous.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16064.    FEBRUARY 10, 1948.

*Drennan & Brannon,* for plaintiff.

*Walter A. Sims, E. G. Jackson, Alston, Foster, Sibley & Miller,* and *William B. Spann Jr.,* for defendants.