OGLETREE *et al. v.* INGRAM & LeGRAND LUMBER CO.

No. 17786.   ARGUED FEBRUARY 12, 1952—DECIDED MARCH 10, 1952—
REHEARING DENIED MARCH 25, 1952.

*Ernest C. Britton,* for plaintiffs in error.

*R. S. Wimberly,* contra.

HEAD, Justice. ■ The writings set forth in the petition in this case are wholly insufficient to constitute a contract for the sale of land. If a contract was made by the parties, it must be found in the two telegrams set out in the petition. The first telegram is from H. Land of the Land Realty Company to Ben Ogletree, as follows: "Offered nine thousand less commission Lumpkin place wire if acceptable." The telegram in reply was by Mrs. G. R. Ogletree to H. Land, stating: "Retel we accept offer on Lumpkin land you draw up deed and mail to me. All of us will sign and return air mail." The purported contract is sought to be enforced by Ingram & LeGrand Lumber Company, which company avers that it is the party making the offer referred to in the first telegram.

"Contracts for sale of land, being within the statute of frauds, are required to be in writing, and the writing should in some way show the names of the parties to the contract." *Moore* v. *Adams,* 153 *Ga.* 709, 713 (113 S. E. 383, 23 A. L. R. 925) ; *Oglesby Grocery Co.* v. *Williams Mfg. Co.,* 112 *Ga.* 359 (37 S. E. 372) ; *F. & W. Grand &c. Stores* v. *Eiseman,* 160 *Ga.* 321 (127 S. E. 872).

In *Moore* v. *Adams,* supra, it was held: "In an action by an alleged vendor for specific performance, where a copy of the alleged written contract for sale of land relied on as foundation

for a suit is embodied in the petition, and the paper appears to be signed by persons alleged in the petition to be agents of the vendor, but does not contain the signature of the alleged vendor nor in any way disclose his name, the petition is subject to general demurrer." The facts of the case of *Moore* v. *Adams,* supra, make it directly applicable to the present case. In each instance it is the party seeking enforcement who is not named or designated in the alleged contract.

In *Fraser* v. *Jarrett,* 153 *Ga.* 441 (112 S. E. 487), cited by counsel for the plaintiff, it was held: "Under our statute of frauds a contract for the purchase of lands need only be signed by the party against whom the contract is sought to be enforced." In the *Fraser* case, however, the names of both parties were revealed in the writings forming the contract sought to be enforced.

In the present case, the telegrams relied upon as forming the contract nowhere reveal the identity of the alleged vendee. This deficiency in the alleged contract was not cured by the fact that later a deed was submitted to one or more of the defendants, which named the plaintiff as the vendee. The unexecuted deed was not a part of any alleged contract between the parties.

The only consideration alleged in the petition for the purported contract was the mutual promises of the parties. "If mutual promises are relied on as a consideration to support a contract, the obligations of the contract must be mutually binding upon the respective parties." *Buick Motor Co.* v. *Thompson,* 138 *Ga.* 282 (75 S. E. 354). Under the allegations of the petition, the plaintiff would not have been bound by the telegram of the realty company, merely stating that an offer had been made.

■ "Specific performance of a contract for the sale of land will not be decreed unless the land which is the subject matter of the alleged sale is clearly identified in the contract." *Estes* v. *Winn,* 136 *Ga.* 344 (71 S. E. 470) ; *Clayton* v. *Newberry,* 138 *Ga.* 735 (76 S. E. 63) ; *Durham* v. *Davison,* 156 *Ga.* 49 (118 S. E. 736) ; *Malone* v. *Klaer,* 203 *Ga.* 291 (46 S. E. 2d, 495). "While it is not necessary that the land be described with such precision that its location and identity are apparent from the description alone, yet the description must be sufficiently clear to indicate with reasonable certainty the land intended to be conveyed.

Parol evidence can not be invoked in aid of a vague and uncertain description, but is available . . to show the application of a description which itself furnishes a means of identification. If the land is so imperfectly and indefinitely described in the writing that no particular tract or lot is designated, parol evidence is not admissible to supply a description." *Tippins* v. *Phillips,* 123 *Ga.* 415 (51 S. E. 410).

The only description of the property in the exchange of telegrams between the realty company and the defendants was "Lumpkin place" and "Lumpkin land." The petition shows that the reason the property was designated as the Lumpkin place or land was that it was located near Lumpkin, the county seat of Stewart County. This was not a name by which the place had been known for a number of years, so that it might be located by the introduction of parol testimony. The exchange of telegrams did not even show that it was property owned by the defendants near Lumpkin, and the allegation in the petition that this was the only land owned by the defendants in Stewart County could add nothing to the description in the telegrams. The description is not ambiguous, but is so vague and uncertain that it indicates no particular land. An alleged contract for the sale of land with such uncertain description can not be enforced in a court of equity.

It is the contention of the plaintiff that, even if the description in the telegrams should be held to be too uncertain to be capable of enforcement, this uncertainty was cured by the fact that, after Mrs. Ogletree had sent the telegram of September 9, 1949, in which she instructed H. Land to mail a deed to her for execution by the defendants, a deed describing the property in detail was sent to Mrs. Ogletree. This unexecuted deed could add nothing to the purported contract. Any contract made by the parties must be found in the offer and the acceptance. Compare *Lancaster* v. *Wilson,* 151 *Ga.* 154 (106 S. E. 103).

It is unnecessary, in view of the foregoing rulings, to consider other questions raised by the demurrers.

The petition did not state a cause of action for specific performance of a contract for the sale of land, and the court erred in overruling the general demurrers to the amended petition.

*Judgment reversed. All the Justices concur.*