18982.   GEORGIA CASUALTY & SURETY CO. *v.*
HARDRICK.

Argued June 13, 1955—Decided July 12, 1955.

*Larry E. Pedrick, Bennett, Pedrick & Bennett,* for plaintiff in error.

*Barrie L. Jones,* contra.

HEAD, Justice. ■ When a pleading is attacked by a general demurrer, it will be construed most strongly against the pleader. The petition in the present case was subject to general demurrer for a number of reasons.

Where the principal's name is disclosed, and an agent professes to act for him, it will be held to be the act of the principal. Code § 4-304. In *Moore* v. *Adams,* 153 *Ga.* 709, 718 (113 S. E. 383, 23 A. L. R. 925), this court stated: "This statute allows latitude as to the form in which an agent may contract, but in order to bind his principal the name of the principal must be disclosed, and the agent must profess to act for him." In that case it was held that, where the petition did not show that the agent revealed that he was acting for the principal, the petition was subject to general demurrer. See also *McRitchie* v. *Atlanta Trust Co.,* 170 *Ga.* 296 (3) (152 S. E. 834); *Ogletree* v. *Ingram & LeGrand Lumber Co.,* 208 *Ga.* 855, 858 (69 S. E. 2d 723).

While the petition alleged that Phillip Johnson "is a regularly licensed insurance agent," and "an agent of defendant company," it is nowhere alleged in the petition that Johnson revealed that he was acting as agent of the defendant at the time of the conversations with the petitioner.

■ An executory contract is one in which something remains to be done by one or more parties. Code § 20-102. In the pres-

ent case it was alleged that the policy of insurance was to be delivered "as soon as the same was written up," and the premium for the policy was to be paid at some indefinite future time, "a little at the time, which was agreeable with the agent."

"A consideration is essential to a contract which the law will enforce. An executory contract, without such consideration, is called nudum pactum, or a naked promise." Code § 20-301. "An executory contract, founded on no consideration—either good or valuable—is *nude pact* and can not be enforced." _Lowe v. Bryant, 32 Ga. 235.

"Considerations are distinguished into good and valuable. A good consideration is such as is founded on natural duty and affection, or on a strong moral obligation. A valuable consideration is founded on money, or something convertible into money, or having a value in money, except marriage, which is a valuable consideration." Code § 20-303.

In the present case no consideration, good or valuable, is alleged to have entered into the executory contract between the petitioner and the alleged agent of the defendant.

We have a rule in this State that "A promise of another is a good consideration for a promise." Code § 20-304. In so far, however, as the petitioner may seek to rely upon this rule, the alleged conversations and agreements were not sufficiently definite to meet the essentials of a valid contract, and were not binding upon either of the alleged contracting parties. *Pepsi-Cola Co. v. Wright,* 187 *Ga.* 723, 727 (2 S. E. 2d 73).

■ The law of this State (Code § 56-213) requires that all contracts of insurance shall be in writing. *Atlas Assurance Co. v. Kettles,* 144 *Ga.* 306, 308 (87 S. E. 1); *Mitchiner* v. *Union Central Life Ins. Co.,* 185 *Ga.* 194, 195 (194 S. E. 530). A contract of insurance can not be partly in writing and partly in parol. *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703, 704 (4) (64 S. E. 993); *Mitchiner* v. *Union Central Life Ins. Co.,* supra; *Newark Fire Ins. Co.* v. *Smith,* 176 *Ga.* 91, 93 (167 S. E. 79, 85 A. L. R. 1330).

In the present case the petition alleged items to be contained in the policy of insurance, limits of liability, and other matters to form a part of the contract, and the plaintiff alleged and relied upon usage and custom as to oral commitments for the issuance of insurance contracts existing at Alma, Georgia.

In *Newark Fire Ins. Co.* v. *Smith,* supra, it was said that usage can not make a contract where none exists, or prevent the effect of settled rules of law. In *Fidelity & Deposit Co.* v. *Butler,* 130 *Ga.* 225, 243 (60 S. E. 851, 16 L. R. A. (NS) 994), it was said that "Custom may sometimes be invoked as entering into a contract or supplying incidents, but not to change the law." See also *Happ Bros. Co.* v. *Hunter Mfg. &c. Co.,* 145 *Ga.* 836, 837 (5) (90 S. E. 61).

In the present case no policy of insurance was ever written (and a written binder is not involved, see *Fort Valley Coca-Cola Bottling Co.* v. *Lumbermen's Mutual Casualty Co.,* 69 *Ga. App.* 120, 24 S. E. 2d 846), nor is it alleged that the agent had authority to write a contract of insurance.

It has long been the rule in this State that a parol application for insurance is not enforceable. In *Simonton, Jones & Hatcher* v. *Liverpool, London & Globe Ins. Co.,* 51 *Ga.* 76, it appeared that the plaintiffs had a policy of insurance and were engaged in transferring their goods from one building to another. During the removal the agent of the insurance company desired to know if they wanted the policy of insurance transferred to the new location. The insured replied in the affirmative, and the agent consented to the removal and promised to make the necessary transfer. The insured took out no new insurance, and their goods were lost by fire. It was held that there was no action shown on the parol agreement that would estop the insurance company from asserting that the contract for a transfer of the insurance was not in writing, and in the opinion (at page 82) it was said: "The case presented in this declaration comes within none of the rules laid down for relief. It is the simple case of a man, satisfied with a parol agreement, doing nothing, and every man who has made by parol a contract which, under the law, must be in writing, might defeat the statute in the same way by insisting that, relying on it, he had done, or failed to do, this or that. To make out a case, as we understand the law, the party seeking to set up a parol contract, which the law requires to be in writing, must show that he has done some act in performance of the contract upon his side, which act of performance has put him in a new position, so as that it would be a fraud upon him to permit the other party who has accepted this part performance to repudiate it."

Counsel for the petitioner have cited outside authorities tending to support his position that oral contracts for insurance may exist. In *Newark Fire Ins. Co.* v. *Smith,* supra, it was pointed out that oral contracts of insurance are valid and enforceable in many States, and that expressions contained in such cases are to be considered in view of the fact that the law in the particular jurisdictions did not require such contracts to be in writing.

The trial court erred in overruling the general demurrers and the special demurrer attacking the allegations concerning "usage and custom" at Alma, Georgia, as related to contracts of insurance. All subsequent proceedings were, therefore, nugatory.

*Judgment reversed. All the Justices concur.*