44148. NATIONAL CITY BANK OF ROME v. MOTOR CONTRACT COMPANY OF ROME.

SUBMITTED JANUARY 6, 1969—DECIDED FEBRUARY 14, 1969.

*Wright, Walther & Morgan, Robert G. Walther,* for appellant.
*Clary & Kent, Jack Kent, Jr.,* for appellee.

FELTON, Chief Judge. Ga. L. 1962, pp. 156, 301 (*Code Ann.* § 109A-4—302; Uniform Commercial Code) provides as follows: "In the absence of a valid defense such as breach of a presentment warranty (subsection (1) of 109A-4—207), settlement effected or the like, if an item is presented on and received by a payor bank the bank is accountable for the amount of (a) a demand item . . . if the bank . . . retains the item beyond midnight of the banking day of receipt without settling for it or . . . does not pay or return the item or send notice of dishonor until after its midnight deadline." Ga. L. 1962, pp. 156, 284 (*Code Ann.* § 109A-4—104 (1, h)) defines the "midnight deadline" of a bank as midnight on the banking day following the day on which it received the item.

In a case similar to the present one, the Supreme Court of Illinois upheld the constitutionality of the above section of the U.C.C. and held that the word "accountable," as used therein, is synonymous with the term "liable," explaining its rationale as follows: "Depositary and collecting banks act primarily as conduits. The steps that they take can only indirectly affect the determination of whether or not a check is to be paid, which is the focal point in the collection process. The legislature could have concluded that the failure of such a bank to meet its deadline would most frequently be the result of negligence, and fixed liability accordingly. The role of a payor bank in the collection process, on the other hand, is crucial. It knows whether or not the drawer has funds available to pay the item. The legislature could have considered that the failure of such a bank to meet its deadline is likely to be due to factors other than negligence, and that the relationship between a payor bank and its customer may so influence its conduct as to cause a conscious disregard of its statutory duty. . . The statutory scheme emphasizes the importance of speed in the collection process. A legislative sanction designed to prevent conscious

disregard of deadlines can not be characterized as arbitrary or unreasonable, nor can it be said to constitute a legislative encroachment on the functions of the judiciary." Rock Island Auction Sales v. Empire Packing Co., 32 Ill. 2d 269, 273 (204 NE2d 721).

The affidavit, to the effect that the return of the items by the defendant payor bank to the depositary bank was "in the customary period of time for the return of said items," can not be used to nullify the above statutory law. "Evidence of custom or usage, with the necessary requisites, may be admissible to aid in construing a contract or to add incidents thereto. But custom can not change the positive law of the State." *Happ Bros. Co. v. Hunter Mfg. &c. Co.*, 145 Ga. 836 (5) (90 SE 61); *Georgia Cas. &c. Co. v. Hardrick*, 211 Ga. 709, 713 (88 SE2d 394), and cit.

There appearing no valid defense, the defendant payor bank became liable to the plaintiff holder for the amount of the two checks received by the defendant by reason of its retention of said items beyond the statutory deadline without having either settled for or paid them, or, in the alternative, returned them or sent notice of dishonor, prior to the deadline.

Accordingly, the court did not err in its judgment denying the defendant's motion for summary judgment.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*