[Civ. No. 9304.   Fourth Dist., Div. One.   May 8, 1969.]

ROBERTO VALENZUELA, Plaintiff and Appellant, v. BANK OF AMERICA, Defendant and Respondent.

M. Lawrence Carnick for Plaintiff and Appellant.

Harris B. Taylor, George J. Brusky, Jr., and Ullar Vitsut for Defendant and Respondent.

BROWN (Gerald), P. J.—Roberto Valenzuela appeals a judgment dismissing his action against the Bank of America (Bank) after the Bank's demurrer was sustained without leave to amend.

Valenzuela sold cattle to a Texan named Feffer for a net price of $41,727.01. Feffer, through an agent, executed a "bill of sale draft" on November 25, 1966, on the Brawley branch of the bank for the purchase price. Valenzuela delivered the draft to a Mexican bank for collection on November 26, 1966. The Mexican bank presented the bill of sale draft to the Brawley branch of the bank for payment on Wednesday,

November 30, 1966. The third banking day later, Monday, December 5, 1966, the Bank returned the draft to the Mexican bank unpaid.

Exhibit "A" to the complaint, a copy of the bill of sale draft, is reproduced here: [See following two pages.]

California Commercial Code, section 4302 reads: "In the absence of a valid defense such as breach of a presentment warranty (subdivision (1) of Section 4207), settlement effected or the like, if an item is presented on and received by a payor bank the bank is accountable for the amount of

(a) A demand item other than a documentary draft whether properly payable or not if the bank, in any case where it is not also the depositary bank, retains the item beyond midnight of the banking day of receipt without settling for it or, regardless of whether it is also the depositary bank, does not pay or return the item or send notice of dishonor until after its midnight deadline; or

(b) Any other properly payable item unless within the time allowed for acceptance or payment of that item the bank either accepts or pays the item or returns it and accompanying documents."

Valenzuela contends the Bank is accountable for the amount of the draft under Commercial Code, section 4302, subdivision (a) because it held the item beyond its midnight deadline. The trial court reasoned section 4302, subdivision (a) did not apply because the Bank was not a payor bank and the "security agreement" mentioned on the face of the draft was not delivered with the draft. The court apparently referred to the statement on the draft: "The livestock described hereinbelow are hereby made subject to a security interest between the undersigned and Bank of America National Trust and Savings Association."

The complaint is silent on whether the Bank was a payor bank or whether a separate security agreement existed. We cannot say whether Valenzuela could have amended his complaint to factually allege the Bank was a payor bank and the statement on the draft itself constituted the security agreement. If the only defect were a failure to allege the Bank was a payor bank, Valenzuela should have been allowed leave to amend.

The bill of sale draft, however, is a documentary draft and is thus expressly excluded from the operation of section 4302,

BILL OF SALE DRAFT

Bank, at its option, may refuse to honor this draft unless Bill of Sale below is properly filled out. If livestock is encumbered, mortgagee or lienholder must endorse consent of sale and release on reverse side.

PAY TO THE ORDER OF

Roberto Valenzuela

≈ forty one thousand seven hundred twenty seven and 01/100 ≈≈≈≈≈≈≈ DOLLARS

**Bank of America**
NATIONAL TRUST & SAVINGS ASSOCIATION

TO:
BRAWLEY BRANCH 90-820
BRAWLEY, CALIF.

Brawley November 25, 1966 $41,727.01

The livestock described hereinbelow are hereby made subject to a security interest between the undersigned and Bank of America National Trust and Savings Association.

By _____

| NO. | KIND OR CLASS | AGE | BRAND & LOCATION | WEIGHT | PRICE | TOTAL $ |
|---|---|---|---|---|---|---|
| 141 | choice cfs. | | Presidio, Tex | 32854# | 33 | 10834.05 |
| 29 | good cfs | " " | 26090 | 28 | 5767.60 |
| 70 | no.3 cfs | " " | 20270 | 28 | 5675.60 |
| 162 | 2 years yearlings | " " | 173760 | 24 | 42,822.70 |
| 59 | | | | | | 9,772.90 |
| | less cuttings and expenses | | | | | |

KNOW ALL MEN BY THESE PRESENTS, That I, the Seller, signing hereunder and ceding in the County of _Chihuahua_

State of __Mexico__, in consideration of the payment of the above draft, do bargain and sell and, by these presents, do bargain and sell unto BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION the herein described livestock, and hereby bind myself to, warrant and defend the title to said livestock against any person claiming the same or any part of them, and further warrant that the livestock as described herein is free and clear of any encumbrances or lien whatsoever, except those for which consent to said sale, and release of said lien is endorsed on this draft as provided for hereon.

(Witness) _____ (Seller Sign Here) _____

N-809 (Spcl.) 9-68

## CONSENT OF HOLDER OF SECURITY INTEREST

The undersigned, having a security interest in the livestock described on the reverse hereof, in consideration of the payment of the draft thereon, hereby consents to the sale of said livestock and relinquishes all rights, title and interest in and to said livestock, and does further warrant that said security interest has not been assigned or transferred and that the undersigned is still the legal owner and holder thereof.

A UCRO 3-4-67

**(HOLDER OF SECURITY INTEREST SIGNS HERE)**

A5020 3-16-67

**ALL ENDORSEMENTS MUST BE MADE BELOW**

A1080 3-20-67

6,727.01

Unicamente para Crédito del
BCO. COMERCIAL MEXICANO, S. A.

NOV 28 1968

Art. 39 Ley General de Titulos y
Operaciones de Crédito

BRAWLEY BRANCH
BRAWLEY, CALIF.

EXHIBIT "A"

subdivision (a) by its terms. A documentary draft is defined in Commercial Code, section 4104, subdivision (f) as: ". . . any negotiable or nonnegotiable draft with accompanying documents, securities or other papers to be delivered against honor of the draft;"

On the face of the draft, a security interest in the livestock was tendered the Bank. The Bank did not execute the draft and was not bound to accept the tendered security. The security was "delivered against honor of the draft." Had the Bank honored the draft it would have accepted the security interest in the livestock. Valenzuela's contention the security did not "accompany" the draft because it was on the face of, and thus a part of, the instrument is without merit. Whether a separate security document existed or the security tendered on the face of the item was the sole security would not alter our conclusion the item is a documentary draft. The Bank was entitled to rely on the face of the instrument which establishes it a documentary draft.

Because the bill of sale draft, on its face, is a documentary draft, the Bank could defer honor of it until close of the third banking day following its receipt. (Com. Code, § 5112, subd. (1)(a).)

The complaint alleges the Bank returned the bill of sale draft unpaid on December 5, 1966, the third banking day following its receipt on November 30, 1966. This was within the time allowed for acceptance or payment of a documentary draft and complied with Commercial Code, section 4302, subdivision (b) which exempts a bank from being held accountable if it returns the item within that time.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.