The MARFA NATIONAL BANK, a National
Bank Corporation, Appellant,

v.

Ralph POWELL, Appellee.

No. 6369.

Court of Civil Appeals of Texas,
El Paso.

June 19, 1974.

Rehearing Denied July 24, 1974.

Scott, Hulse, Marshall & Feuille, J. Sam Moore, Jr., El Paso, Norman C. Davis, Marfa, for appellant.

Collins, Langford & Pine, John A. Langford, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is a case involving non-payment by a payor-depositary bank of a Bill of Sale Draft. The owner, Appellee, filed suit to collect the face amount of the instrument, plus interest and attorney's fees, contending the Bank did not timely handle the item when it was deposited and presented for payment. The Bank contends that the instrument was a documentary draft, that its handling was timely, and denies liability to the owner. The trial Court in a non-jury trial entered judgment for Appellee for the

amount of the draft, plus interest and attorney's fees. We reverse and render judgment for Appellant.

The following is a copy of both the front and back of the Bill of Sale Draft made the basis of this suit:

| PAY TO THE ORDER OF | | BILL OF SALE DRAFT | | | April 13, 1970 | 19 |
| Joseph F. Hendrix | | | | | | $10,365.63 |

****ten thousand three hundred sixty five and 63/100************************_____DOLLARS

| THE MARFA NATIONAL BANK | 88-473 / 1123 | By | | | |
| MARFA, TEXAS | | | | | |

| NO. | KIND OR CLASS | AGE | BRAND & LOCATION | WEIGHT | PRICE | TOTAL $ |
|---|---|---|---|---|---|---|
| 90 | steers | | | | | 10365.63 |
| | | | | | | |
| | | | | | | |

KNOW ALL MEN BY THESE PRESENTS: That I, the Seller, signing hereunder and residing in the County of_____Presidio_____ State of___Texas___ in consideration of the payment of the above draft, do bargain and sell and, by these presents, do bargain and sell unto THE MARFA NATIONAL BANK the herein described livestock, and hereby bind myself to warrant and defend the title to said livestock against any person claiming the same or any part of them, and further warrant that the livestock as described herein is free and clear of any encumbrances or lien whatsoever except those for which consent to said sale and release of said lien is endorsed on this draft as provided for hereon.

(Witness) (Seller Signs Here)

PX-1
1/23/73

FOR DEPOSIT ONLY
MARFA NATIONAL BANK
MARFA, TEXAS
JOSEPH F. HENDRIX

ALL ENDORSEMENTS MUST BE MADE BELOW

(MORTGAGE SIGNS HERE)

MORTGAGEE'S CONSENT

The undersigned, mortgagee of the livestock described or the livestock herein, in consideration of the payment of the above draft thereon, hereby consents to the sale of said livestock and relinquishes all right, title and interest in and to said livestock, and does further warrant that said mortgage has not been assigned or transferred and that the undersigned is still the legal owner and holder thereof.

On April 13, 1970, Ralph Powell, acting through Joseph F. Hendrix, a customshouse broker, sold 90 steers to Buddy Webb and received in payment the above Bill of Sale Draft. At that time, the Buddy Webb Cattle Account had a checking account balance at the Bank in excess of $20,000.00. At the same time, Buddy Webb was indebted to the Bank in excess of $40,-000.00. On April 14, 1970, the Bank, unaware of the draft, withdrew from the Appellee's checking account the sum of $16,000.00 and credited it as a payment toward the indebtedness owed by the Appellee. The trial Court found that the above draft with a deposit slip was mailed to the Bank from Presidio by Mr. Hendrix on April 15, 1970, and received by the Bank during banking hours the following day. By reason of the withdrawal from the checking account on April 14, 1970, there were insufficient funds to pay the draft when it was received.

Under Section 4.302 of the Tex.Bus. & Comm.Code Ann., V.T.C.A., if an item is presented on and received by a payor bank the bank is accountable for the amount of a demand item other than a documentary draft whether properly payable or not if the bank, in any case where it is not also the depositary bank, retains the item beyond midnight of the banking day of receipt without settling for it or, regardless of whether it is also the depositary bank, does not pay or return the item or send no-

tice of dishonor until after its midnight deadline. Section 4.104, Tex.Bus. & Comm.Code Ann., defines a "Documentary draft" as any negotiable or non-negotiable draft with accompanying documents, securities or other papers to be delivered against honor of the draft. That section also states that the "Midnight deadline" with respect to a bank is midnight on its next banking day following the banking day on which it receives the relevant item or notice or from which the time for taking action commences to run, whichever is later. Section 5.112, Tex.Bus. & Comm. Code Ann., provides that a bank to which a documentary draft or demand for payment is presented under a credit may without dishonor of the draft, demand or credit, defer honor until the close of the third banking day following receipt of the document; and further defer honor if the presenter has expressly or impliedly consented thereto. In this case, the trial Court found that the draft was not a documentary draft and that it having been received by the Bank on Thursday, April 16th, and having been retained past the midnight deadline of the following day, Friday, April 17th, it was accountable for the amount of the item under the provisions of Section 4.302, Tex. Bus. & Comm.Code Ann. The trial Court further found that Appellee's agent, Mr. Hendrix, called The Marfa National Bank on Monday, April 20, 1970, the third banking day after receipt, when he did not receive his receipt for deposit back from the Bank, and after being advised that there were not sufficient funds to cover the amount of the draft, it was mutually agreed that the Bank would hold the item for future payment.

Those cases which have passed upon this particular Code section recognize that there is strict liability upon the part of the bank which does not timely act upon a demand item when presented to a payor bank. Rock Island Auction Sales, Inc. v. Empire Packing Co., Inc., 32 Ill.2d 269, 204 N.E.2d 721 (1965); Farmers Cooperative Livestock Market, Inc. v. Second National Bank of London, 427 S.W.2d 247 (Ky.Ct. App.1968); National City Bank of Rome v. Motor Contract Company of Rome, 119 Ga.App. 208, 166 S.E.2d 742 (1969); Central Bank and Trust Company v. First Northwest Bank, 332 F.Supp. 1166 (E.D. Mo.1971).

The Appellant contends that the instrument was a documentary draft and that under the provisions of Section 5.112, Tex.Bus. & Comm.Code Ann., it could defer honor until the close of the third banking day following receipt of the document and could further defer honor if the presenter consented thereto, and that in this particular case Mr. Hendrix did consent to the Bank holding the draft before the end of the third banking day following receipt of the document. We agree with this contention. A very similar bill of sale draft was before the Court in Valenzuela v. Bank of America, 272 Cal.App.2d 673, 77 Cal.Rptr. 609 (1969). The Court in that case said the bill of sale draft on its face is a documentary draft and therefore the bank could defer honor of it until close of the third banking day following its receipt. The only distinction between the draft in that case and the one before this Court is that the draft in that case contained a provision that the livestock described therein was made subject to a security interest between the drawer of the instrument and the bank. The instrument is a documentary draft regardless of the provision for a security interest.

Section 5.103, Tex.Bus. & Comm.Code Ann., states that a "documentary draft" is one honor of which is conditioned upon the presentation of a document or documents. The word "Document" is defined to mean any paper including document of title, security, invoice, certificate, notice of default and the like. The draft in this case specifically provides that the Bank, at its option, may refuse to honor this draft unless the Bill of Sale is properly filled out. Thus the instrument on its face specifically provides that a condition of honor is the

Bill of Sale attached to the draft as a document of title to the described cattle.

In Wiley v. Peoples Bank and Trust Company, 438 F.2d 513 (5th Cir. 1971), the Court pointed out that the term "documentary draft" means any negotiable or non-negotiable draft with accompanying documents, securities or other papers to be delivered against the honor of the draft. Clearly in this case, the Bill of Sale which warranted title to the 90 steers was an accompanying document to the draft and made the instrument within the terms of the Code provisions a "documentary draft."

We sustain the Appellant's first and second points of error, hold that the item was a documentary draft, and that the Bank is not accountable for the amount thereof for failure to timely honor or pay it within one day after receipt.

The judgment of the trial Court is reversed and judgment rendered for the Appellant.