CONTINENTAL NATIONAL
BANK, Appellant,

v.

McCall SANDERS, Appellee.

No. 6797.

Court of Civil Appeals of Texas,
El Paso.

May 2, 1979.

Guevara, Rebe & Baumann, Sal Rebe, El Paso, for appellant.

Edwards, Belk, Hunter & Kerr, Crawford S. Kerr, Jr., El Paso, for appellee.

## OPINION

WARD, Justice.

This is a case involving the midnight deadline rule of Section 4.302 of the Tex. Bus. & Comm.Code Ann. (Tex.UCC1968). The payee on a check filed suit for the amount of the check against the payor bank where that bank held the demand item for eight days without paying, returning or sending notice of dishonor of the item. The trial Court sitting without a jury entered judgment for the payee in the face amount of the check, together with interest. We affirm.

The Plaintiff and Payee on the check is McCall Sanders. Continental National Bank is Defendant. Eggs, Inc. was purchasing eggs from McCall Sanders. On August 20, 1976, Eggs, Inc. issued its check in the amount of $14,548.50 to the Plaintiff, McCall Sanders, the check being drawn on the account of Eggs, Inc. at the Continental National Bank located in El Paso. On August 23, McCall Sanders deposited the check in his account in the Hill Bank and Trust Company located in Weimar. Hill Bank and Trust Company accepted such check from the Plaintiff for deposit to his account, and gave him credit for the amount of said check. On the same day, August 23, Hill Bank and Trust Company sent the check in question directly by United States mail to Continental National Bank of El Paso for payment. The check in question was received by Continental National Bank on August 25 and was held by that institution until the check was returned unpaid by reason of insufficient funds on September 3, 1976. The check was received back by Hill Bank and Trust Company of Weimar on September 7, and re-presented a second time to the Continental National Bank through Federal Reserve channels. The re-presented check was received by the Continental National Bank the second time on September 9 and returned on September 10, 1976, the check on this occasion being returned before midnight of the following day after the Bank received it. At the time the check in question was re-presented the second time to the Continental National Bank, there were still not sufficient funds to clear the check on the account of Eggs, Inc. with the Continental National Bank. The check has never been paid, and on September 23, 1976, Eggs, Inc. was adjudicated a bankrupt.

The Plaintiff's petition against Continental National Bank is based on the sole ground that the Defendant became liable to the Plaintiff in the amount of $14,548.50 by retaining possession and control of said check from August 25 to September 3, 1976 without paying for or returning the item or sending notice of dishonor until after the expiration of its midnight deadline, and that liability existed under Section 4.302, Tex.Bus. & Comm.Code Ann. (Tex. UCC1968). That section is to the effect that if an item is presented on and received by a payor bank, the bank is accountable for the amount of a demand item other than a documentary draft whether properly payable or not if the bank, in any case where it is not also the depositary bank, retains the item beyond midnight of the banking day of receipt without settling for it or, regardless of whether it is also the depositary bank, does not pay or return the item or send notice of dishonor until after its midnight deadline. Section 4.104, Tex. Bus. & Comm.Code Ann. (Tex.UCC1968), defines "item" as meaning any instrument for the payment of money even though it is not negotiable but does not include money. That section also states that "midnight deadline" with respect to a bank is midnight on its next banking day following the banking day on which it receives the rele-

vant item or notice or from which the time for taking action commences to run, whichever is later.

With this factual and legal background, the trial Court entered judgment for the Plaintiff against Continental National Bank for the sum of $14,548.50, together with interest on said sum from August 28, 1976 to date of entry of judgment in the amount of $1,570.79.

This Court in *Marfa National Bank v. Powell*, 512 S.W.2d 356 (1974, ref'd n. r. e.), pointed out that under Section 4.302, a payor bank in the absence of a valid defense becomes strictly liable when it does not timely act upon a demand item when presented. One of the authorities there cited was the leading case of *Rock Island Auction Sales, Inc. v. Empire Packing Co., Inc.*, 32 Ill.2d 269, 204 N.E.2d 721, 18 A.L.R.3d 1368 (1965). The facts in that case are similar to those in the one before us. There, the payor bank, after receiving the check and finding the account inadequate, relied on its customer's assurance that additional funds would be deposited and held the check beyond the midnight deadline without further action. The court imposed strict liability for the face amount of the check upon the bank, gave the reason why liability was created independent of negligence, and stated as follows:

> The role of a payor bank in the collection process, on the other hand, is crucial. It knows whether or not the drawer has funds available to pay the item. The legislature could have considered that the failure of such a bank to meet its deadline is likely to be due to factors other than negligence, and that the relationship between a payor bank and its customer may so influence its conduct as to cause a conscious disregard of its statutory duty. The present case is illustrative. The defendant, in its position as a payor bank, deliberately aligned itself with its customer in order to protect that customer's credit and consciously disregarded the duty imposed upon it. The statutory scheme emphasizes the importance of speed in the collection process.

That rule and the reason for it is now accepted. *New Ulm State Bank v. Brown*, 558 S.W.2d 20, 27 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); see Annot., 18 A.L.R.3d 1376 sec. 9.

Defendant's first point is that the second presentment of the check to the Defendant constituted a waiver and a knowing relinquishment of the Plaintiff's cause of action as a matter of law. The first argument made under the point is that Hill Bank and Trust Company was the collecting bank, and as such it acted as agent under the terms of Section 4.201(a), Tex. Bus. & Comm.Code Ann. (Tex.UCC1968), and that in resubmitting the item the second time it waived notice of dishonor under Section 3.511(b)(1) (Tex.UCC1968). It is noted that under this last section it is provided that notice may be entirely excused when "the party to be charged has waived it expressly or by implication . . ." This obviously refers to an endorser, who can be held liable for an instrument in an action by the payee only if he has received timely notice of dishonor. We fail to see where the defense of waiver of notice of dishonor is available as a defense under an action brought pursuant to Section 4.302, Tex.Bus. & Comm.Code Ann. (Tex. UCC1968), as there is no party here to be charged. Cases cited by the Defendant involve an endorser's waiver of notice of dishonor, where notice would be required to fix liability on the endorser, and are inapplicable. See *Armour & Co. v. Guaranty State Bank*, 253 S.W. 1110 (Tex.Civ.App.—Fort Worth 1923, no writ).

The Defendant next argues that the resubmission of the check constituted an effective waiver under general principles of law outside the commercial code. We reject this argument. In the first place, there was no pleading raising such an affirmative defense. Rule 94, Tex.R.Civ.P.; *Smith v. Central Mutual Insurance Company*, 555 S.W.2d 891 (Tex.Civ.App.—Beaumont 1977, no writ). Pleading aside, waiver generally is defined as the intentional relinquishment of a known right or intentional conduct inconsistent with such a claim.

*Massachusetts Bonding and Insurance Co. v. Orkin Exterminating Company*, 416 S.W.2d 396 (Tex.1967). The Plaintiff testified that he had no knowledge that the checks were ever returned the second time. He could have had no intention to waive his claim against the Bank. The Defendant's argument that Hill Bank and Trust Company was the collecting bank and as such was the Plaintiff's agent is rejected. That agency was only to the limited extent as provided in Article 4.201, Tex.Bus. & Comm.Code Ann. (Tex.UCC1968). It did not make that Bank the Plaintiff's agent for the purpose of releasing the liability that the Defendant Bank had already incurred. The facts do not create any waiver of the Defendant's liability. *Kane v. American National Bank & Trust Company*, 21 Ill.App.3d 1046, 316 N.E.2d 177 (1974). The first point is overruled.

The Defendant's second point is to the effect that the Defendant's duty to give notice of dishonor was excused as the Plaintiff had no reason to expect that the item would be paid by the Defendant Bank, and that Section 3.511(b)(2) of Tex.Bus. & Comm.Code Ann. (Tex.UCC1968) excuses the giving of notice of dishonor within the time limitations required under Section 4.302, Tex.Bus. & Comm.Code Ann. (Tex. UCC1968), when the party demanding payment has no reason to expect that the instrument in question would be paid. Here, findings of fact and conclusions of law were neither requested nor filed. There was testimony by one of the owners of Eggs, Inc. that the Plaintiff knew that it was doubtful that there was money to cover Eggs, Inc.'s check. On the other hand, there was testimony by the Plaintiff that he did not have knowledge of this fact, and that he expected payment. This testimony was corroborated by the evidence that the Plaintiff made two shipments to Eggs, Inc. for which he accepted two checks for over $20,000.00 near the time that he received the check in question. The Plaintiff's knowledge was a fact issue in the case. Here, the judgment of the trial Court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968). The judgment therefore implies that the trial Court found the Plaintiff believed that the check would be paid promptly when presented. Because of this, we need not pass upon the application of Section 3.511(b)(2), Tex.Bus. & Comm.Code Ann. (Tex.UCC1968), as a defense to an action brought under Section 3.402, Tex.Bus. & Comm.Code Ann. (Tex. UCC1968). The second point is overruled.

The judgment of the trial Court is affirmed.