The HAMBY COMPANY and First National Bank of Plainview, Appellants,

v.

SEMINOLE STATE BANK, Appellee.

No. 08–81–00098–CV.

Court of Appeals of Texas,
El Paso.

Dec. 22, 1982.

Charles G. White, White, Self, Davenport & Bass, Plainview, Larry McEachern, La-Font, Tunnell, Formby, LaFont & Hamilton, Plainview, for appellants.

William F. Russell, Crenshaw, Dupree & Milam, Lubbock, Larry W. Hicks, Hagans, Ginnings, Birkelbach, Keith & Delgado, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This case involves a bank's responsibility for the late return of a documentary draft. The First National Bank of Plainview, as agent for The Hamby Company, presented two drafts to the Seminole State Bank, the Appellee, who returned them unpaid two days after maturity. Appellant brought suit against Appellee for the face amount of the items under Section 4.302 of the Texas Business and Commerce Code. The trial court denied Appellant's motion for summary judgment and granted summary judgment for Appellee. We reverse and remand for trial on the merits.

The summary judgment proof is that Campbell Equipment Company purchased and received merchandise from The Hamby Company in June of 1979 in exchange for a "trade acceptance." On January 10, 1980, when this acceptance was due, the two acceptances involved in this suit were substituted for it in lieu of payment. These acceptances were drawn to the order of The Hamby Company for a total of $44,396.77, were payable at Seminole State Bank and matured on April 10, 1980.

The Hamby Company delivered the two acceptances to First National Bank of Plainview for collection. First National presented the acceptances along with corresponding invoices and a collection letter to

Appellee, Seminole State Bank, on April 4. The letter accompanying the drafts stated that they were enclosed for collection and instructed Appellee not to hold the items after the date of maturity unless otherwise instructed and not to remit credit until actually paid. The summary judgment evidence is that Campbell had been doing business with Seminole State Bank for about two years and maintained a checking account which was not adequate to cover the drafts. In the past, Appellee would notify Campbell when an acceptance came in and Campbell would write a check to cover its amount. Upon the receipt of these two acceptances, Appellee notified Campbell. Campbell responded that he would be in to take care of it. Campbell was called daily and on Thursday, April 10, he was still making that response. On Monday, April 14, Appellant called Appellee to inquire why the drafts had not been paid. Appellee again contacted Campbell who said that he did not have the funds to pay and Appellee mailed the items back to the Appellant. Appellant then brought this suit under Section 4.302 of the Texas Business and Commerce Code, hereinafter referred to as the "Code." Section 4.302 provides: "In the absence of a valid defense, such as breach of a presentment warranty (Subsection (a) of Section 4.207), settlement effected or the like, if an item is presented on and received by a payor bank the bank is accountable for the amount of

(1) A demand item other than a documentary draft whether properly payable or not if the bank, in any case where it is not also the depositary bank, retains the item beyond midnight of the banking day of receipt without settling for it or, regardless of whether it is also the depositary bank, does not pay or return the item or send notice of dishonor until after its midnight deadline; or

(2) any other properly payable item unless within the time allowed for acceptance or payment of that item the bank either accepts or pays the item or returns it and the accompanying documents."

The parties agree that the items in question constitute "documentary drafts."

Therefore, the provisions in paragraph (1) above do not apply. This, then, is not a midnight deadline case as was the case of *Continental National Bank v. Sanders,* 581 S.W.2d 293 (Tex.Civ.App.—El Paso 1979), and *Pecos County State Bank v. El Paso Livestock Auction Co., Inc.,* 586 S.W.2d 183 (Tex.Civ.App.—El Paso 1979, n.r.e.). Those two cases, although inapplicable here, cite the rule that there is strict liability on the part of the bank that does not timely act upon a demand item when presented to the payor bank. *Rock Island Auction Sales, Inc. v. Empire Packing Company, Inc.,* 32 Ill.2d 269, 204 N.E.2d 721 (1965).

In *Marfa National Bank v. Powell,* 512 S.W.2d 356 (Tex.Civ.App.—El Paso 1974, writ ref'd n.r.e.), this Court passed on a documentary draft case and applied Section 5.112 of the Code, which provides that a bank in which a documentary draft is presented under a letter of credit may defer acting until the close of the third banking day following receipt of the document. The case before us is not a letter of credit so we look elsewhere to determine the time element in which the draft must be paid or returned.

In the case of *New Ulm State Bank v. Brown,* 558 S.W.2d 20 (Tex.Civ.App.—Houston [1st Dist.] 1977), it was held that in deciding whether or not a payor bank has made proper payment of an item, it is appropriate to look not only to the facts of the particular case but also to all appropriate sections of Article 3 and 4 of the Code, citing the official comment to Article 4.203. In its search for applicable time limits in which a bank must pay or return a documentary draft, the court turned to Section 4.501, sub-chapter E, entitled "Collection of Documentary Drafts." That section provides that a bank taking a documentary draft for collection must present or send the draft and accompanying documents for presentment, and, upon learning that the draft has not been paid or accepted in due course, the bank must seasonably notify its customer of such fact. It was then pointed out that an action is taken seasonably when it is taken "within a reasonable period of

time." The court then applied Section 4.202(b) of the Code which provides that a collecting bank taking proper action before its midnight deadline following receipt of an item acts seasonably; and that "taking proper action within a reasonably longer period of time may be seasonable but the bank has the burden of so establishing." In the case before us, we have concluded that a fact question exists as to whether the bank acted seasonably or within a reasonable time.

The summary judgment is reversed and the cause is remanded for trial.