The HAMBY COMPANY, et al., Petitioners,

v.

SEMINOLE STATE BANK, Respondent.

No. C–1936.

Supreme Court of Texas.

June 22, 1983.

Rehearing Denied July 20, 1983.

Lafont, Tunnell, Formby, Lafont & Hamilton, Larry McEachern, White, Self & Bass, Charles G. White, Plainview, for petitioners.

Hagans, Ginnings, Birkleback, Keith & Delgado, Larry W. Hicks, El Paso, for respondent.

KILGARLIN, Justice.

This is a suit involving a bank's responsibility for the late return of two documentary drafts. The Hamby Company ("Ham-

by") and First National Bank of Plainview ("First National") brought suit against Seminole State Bank ("Seminole") for the face amount of the drafts pursuant to section 4.302(2) of the Texas Business and Commerce Code. The trial court denied the motion for summary judgment of Hamby and First National and granted summary judgment for Seminole. The court of appeals reversed and remanded the cause for trial on the merits. 649 S.W.2d 81. We affirm the judgment of the court of appeals insofar as it reverses the judgment of the district court. However, we reverse the portion of the court of appeals' judgment that ordered a remand and, accordingly, render judgment in favor of Petitioners, Hamby and First National.

In June of 1979, Campbell Equipment Company purchased merchandise from Hamby in exchange for "trade acceptances."[1] On January 10, 1980, when the acceptances were due, the two acceptances involved in this suit were substituted for the original documents in lieu of payment. The second set of acceptances was drawn to the order of Hamby and each was payable at Seminole, maturing on April 10, 1980. Hamby presented the acceptances to First National for collection. Thereafter, First National presented the acceptances along with corresponding invoices and a collection letter to Seminole on April 4, 1980. The letter from First National instructed Seminole not to hold the items after the date of maturity, April 10, unless otherwise instructed, and not to remit credit until actually paid. Upon receipt of the trade acceptances and collection letter, Seminole notified Campbell, who responded that he would be coming to the bank to take care of the items. On April 10, however, Campbell had failed to pay the drafts. Two banking days later, on April 14, First National called Seminole to inquire why the drafts had not been paid. Seminole returned the items to First National that same day, after Camp-

---

1. A trade acceptance is "[a] draft drawn by a seller which is presented for signature (acceptance) to the buyer at the time the goods are purchased and which then becomes the equiva- lent of a note receivable of the seller and the note payable of the buyer."
*Black's Law Dictionary* 1338 (rev. 5th ed. 1979).

bell acknowledged he would not have funds to meet the obligation.

First National and Hamby subsequently brought suit under section 4.302(2) of the Texas Business and Commerce Code, which provides:

In the absence of a valid defense, . . . if an item is presented on and received by a payor bank the bank is accountable for the amount of

.        .        .        .        .

(2) any other properly payable item unless within the time allowed for acceptance or payment of that item the bank either accepts or pays the item or returns it and the accompanying documents.

All parties agree that the trade acceptances at issue are "documentary drafts" that come within the purview of section 4.302(2). Consequently, if Seminole is a "payor bank" within the meaning of the Texas Business and Commerce Code and does not have a valid defense, the bank is liable for the face value of the documents.

Petitioners Hamby and First National argue that Seminole is a payor bank pursuant to sections 4.105 and 3.121 of the Texas Business and Commerce Code. Section 4.105(2) of the Code defines a payor bank as "a bank by which an item is payable as drawn or accepted." The Official Comment to section 4.105 explains that the term payor bank includes "a bank at which an item is payable if the item constitutes an order on the bank to pay [("orders")], for it is then 'payable by' the bank." Tex.Bus. & Com.Code Ann. § 4.105 comment 2. In other words, if state law has provided that "payable at" items constitute orders, then a bank will be a payor bank instead of a presenting or collecting bank. Hamby and First National point out that the Texas version of the Uniform Commercial Code defines "payable at" items as orders. Specifically, section 3.121 provides:

*Instruments Payable At Bank*

A note or acceptance which states that it is payable at a bank is the equivalent of a draft drawn on the bank payable when it falls due out of any funds of the maker or acceptor in current account or otherwise available for such payment. The Official Comment to section 3.121 states the Uniform Commercial Code contains alternative versions of this section. Tex.Bus. & Com.Code Ann. § 3.121 comment. Alternative "A," the "New York" alternative, states that "payable at" items are orders. Alternative "B" provides that "payable at" items are not considered orders or authorizations for a bank to pay. U.C.C. § 3.121 (1977). The Texas Legislature adopted Alternative "A." Therefore, Hamby and First National urge that because the drafts at issue in this case specifically state that they are payable at Seminole, Seminole has been elevated to the status of a payor bank.

Respondent Seminole contends that section 3.121 only applies to notes or acceptances which are payable from a current account in a bank. Seminole would not be a payor bank under this interpretation because it is undisputed that the drafts were not drawn on any particular account belonging to Campbell.

Seminole has cited no authority that supports the position that "payable at" items require a current account in order to make the drawee a payor bank. We believe the Legislature's choice of the Alternative "A" section 3.121 indicates that "payable at" items constitute orders that elevate a bank to the status of a payor bank regardless of whether the items are payable out of a current account. Seminole is a payor bank and not a collecting bank as the court of appeals held. Consequently, section 4.302(2) applies. Seminole is liable for the face amount of the drafts because the bank failed to return the items on or before April 10, the time allowed for acceptance or payment.

The only defenses Seminole might have affirmatively pleaded in this case are described in section 4.108(b) of the Texas

Business and Commerce Code.[2] The Official Comment to section 4.108 clearly explains that subsection (b), which is the applicable section for payor banks, is limited to emergency situations including blizzards, war, floods, hurricanes, other acts of God, and comparable circumstances beyond the control of the bank. Tex.Bus. & Com.Code Ann. § 4.108 comment 4. We find no evidence in the record that any such condition existed. Therefore, we hold that the court of appeals erred in remanding this cause for trial on the merits. Judgment is rendered for Petitioners Hamby and First National.

### ON MOTION FOR REHEARING

BARROW, Justice, dissenting.

I dissent for the reasons expressed in the opinion of the court of appeals. *See White-hall Packing Co., Inc. v. First National City Bank,* 55 A.D.2d 675, 390 N.Y.S.2d 189 (1976).

2. Section 4.108(b) provides:

Delay by a collecting bank or payor bank beyond time limits prescribed or permitted by this title or by instructions is excused if caused by interruption of communication facilities, suspension of payments by another bank, war, emergency conditions or other circumstances beyond the control of the bank provided it exercises such diligence as the circumstances require.